IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBBIE COFFEY<br>912 N. Sweetzer Ave. Apt. D<br>West Hollywood, CA 90069<br><br>      Plaintiff,<br><br>  v.<br><br>BUREAU OF LAND MANAGEMENT<br>1849 C Street, N.W.<br>Washington, DC 20240<br><br>      Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>) Case Number:16-CV-508<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I. INTRODUCTION**

1. Plaintiff Debbie Coffey ("Plaintiff") hereby brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant Bureau of Land Management ('BLM") in failing to provide Plaintiff with all non-exempt records responsive to her FOIA request sent to the BLM, seeking agency records involving Defendant's Wild Horse and Burro Program, specifically certain long term holding contracts.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Debbie Coffey, is an individual who, at all times relevant herein, has resided in West Hollywood, California, which is located in Los Angeles County, California.

5. Defendant Bureau of Land Management is a federal agency of the United States, and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS FOR PLAINTIFF'S FOIA REQUEST CLAIM

13. On or about April 29, 2015, Plaintiff sent a FOIA request to the Bureau of Land Management, via that agency's online FOIA request web site portal, seeking agency

records involving Defendant's Wild Horse and Burro Program, specifically certain long term holding contracts.

14. On or about May 26th, 2015, Wendy Schumacher, FOIA Specialist for the BLM's Washington Office in Washington D.C., ("Ms. Schumacher"), sent an email to Plaintiff, attaching a May 26, 2015 letter acknowledging agency's receipt of her April 29, 2015 FOIA request, and indicating that this records request had been assigned as BLM FOIA control number 2015-00586. The May 26, 2015 letter also denied Plaintiff's request for a wavier of search fees and requested Plaintiff pay $1,680.00.

15. On or about May 29, 2016 Plaintiff sent an email to Ms. Schumacher stating the Plaintiff would send the $1,680.00.

16. On or about June 1, Plaintiff sent, via U.S. Postal Service Express Mail, to Defendant's Washington Office, a check for $1,680.00, made payable to the U.S. Treasury.

17. On or about October 22, 2015 Plaintiff emailed Ms. Schumacher asking for an estimated date for completion of FOIA request #2015-00586.

18. On or about October 22, 2015, Ms. Schumacher stated the records are "in the queue for review" and did not provide an estimated response date.

19. On or about November 6, 2015 Plaintiff emailed Ms. Schumacher asking for an estimated date agency will complete action on FOIA request 2015-00586.

20. On or about November 9, 2015 Ms. Schumacher sent an email to Plaintiff, again stating the records are "in the queue for review" and again giving no estimated date for completion.

21. On or about November 10, 2015 Plaintiff requested return of the $1,680.00 she paid for records she has never received.

22. On or about December 31, 2015 Plaintiff emailed Ms. Schumacher stating that she had not received the records requested, and had not received a refund of funds provided and a request for an estimated date of completion.

## VII. CLAIM FOR RELIEF

### Violation of FOIA

23. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 22 previously set forth herein.

24. Defendant BLM has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for her April 29, 2015 FOIA request and by failing to failing to perform an adequate search for records responsive to this FOIA request in a manner reasonably calculated to locate all responsive records.

25. By failing to provide Plaintiff with all non-exempt responsive records to her FOIA request described in paragraph 24 herein, and failing to perform an adequate search for responsive records, Defendant BLM has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

26. Unless enjoined by this Court, Defendant BLM will continue to violate Plaintiff's legal rights to be provided with copies of the records which she has requested in her FOIA request described in paragraph 24 above.

27. Plaintiff is directly and adversely affected and aggrieved by Defendant's 1) failure to provide all responsive records to her FOIA request described above, and 2) failure to return $1,680.00 Plaintiff paid to the U.S. Treasury.

28. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

29. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1. Declare Defendant Bureau of Land Management has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to her April 29, 2015 FOIA request, and by failing to perform an adequate search for responsive records to this FOIA request.

2. Direct by injunction that Defendant BLM to provide Plaintiff with all non-exempt

/
/
/
/
/
/

responsive records to Plaintiff's April 29, 2015 FOIA request.

    3. Grant a money judgment against Defendant and in favor of Plaintiff for $1,680.00

    4. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

    5. Provide such other relief as the Court deems just and proper.

DATED: This 17th day of March, 2016.

Respectfully submitted,

  /S/ C. Peter Sorenson
_____

C. Peter Sorenson (438089)
Sorenson Law Office
P.O. Box 10836
Eugene, Oregon 97440
(541) 606-9173
petesorenson@gmail.com
Attorney for Plaintiff