UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEBBIE COFFEY** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 16-0508 (JEB) |
| ) | |
| **BUREAU OF LAND** ) | |
| **MANAGEMENT** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The U.S. Department of Interior moves for summary judgment in this Freedom of Information Act ("FOIA") case against its component, the Bureau of Land Management ("BLM"). The Court is directed to the attached memorandum of points and authorities, the Declaration of FOIA Officer Ryan Witt and the *Vaughn* Index. A proposed order is attached.

                                Respectfully submitted,

                                CHANNING D. PHILLIPS, D.C. Bar #415793
                                United States Attorney for the District of Columbia

                                DANIEL F. VAN HORN, D.C. Bar # 924092
                                Chief, Civil Division

                        By: _____/s/_____
                                CLAIRE WHITAKER, Bar # 354530
                                Assistant U.S. Attorney
                                555 4th Street, N.W., E-4216
                                Washington, D.C. 20530
                                (202) 252-2526
                                Claire.Whitaker@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEBBIE COFFEY** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**BUREAU OF LAND** )<br>**MANAGEMENT** )<br>)<br>Defendant. )<br>) | Civil Action No. 16-0508 (JEB) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Debbie Coffey ("Coffey" or "Plaintiff") has invoked this Court's jurisdiction pursuant to the Freedom of Information Act ("FOIA").  *See* ECF No. 4 (Amended Complaint at ¶ 2).  The United States Department of Interior, the proper Defendant in this case, moves this Court for summary judgment in connection with Plaintiff's July 27, 2015, FOIA request to its component, the Bureau of Land Management ("BLM"), because the BLM has conducted a reasonable search for records in all of the locations likely to have responsive records and has produced all responsive information.  *See* Attachment 1, hereto (Declaration of Ryan Witt, FOIA Officer, BLM, Department of Interior ("Witt Decl.") and supporting attachments.

**INTRODUCTION AND SUMMARY OF ARGUMENT**

As more fully set forth below, Ms. Coffey's FOIA request was limited.  Specifically, Ms. Coffey sought "[a]ll segregble portions of all e-mails, faxes, letters, and notes from telephone calls [between to BLM Wild Horse and Burro Program ["WHBO"] employees Lili Thomas and Beatrice A. Wade] and the long term holding contractors and managers/key personnel[,]" *not*

*"interagency or interagency"* communications and not information about unsuccessful bidders. *See* Witt Decl. at Exhibit A at 1 (FOIA Request) (emphasis added). The WHBO searched for and located all records likely to be responsive; then forwarded them all to the BLM FOIA Office. As the Exhibit D (*Vaughn* Index) shows the BLM FOIA Office, without determining the responsiveness of the records, simply processed all of the records received from the WHBO--514 pages of information. When the processing was finished, only nonresponsive records were withheld, in full or in part.

The failure of the BLM FOIA Office to process only responsive records was in error and was not discovered until Defendant began the briefing process in this case. Although the exact cause of the over-processing of records is unknown, as Mr. Witt explained in the attached declaration, there were a number of reasons that contributed to the error, *i.e.*, the recent turnover of the BLM FOIA personnel, the increase in FOIA requests, a failure to train, and/or the failure to carefully review the request to determine its perimeters. Witt Decl. at ¶ 19. What is clear is that Plaintiff benefitted from BLM's mistake in processing. Ms. Coffey received many more records as a result of the error than were the subject of her FOIA request. This is illustrated by the *Vaughn* Index at Exhibit D found of the Witt Declaration. The Index shows that the records withheld were "*intra-agency and interagency*" records, specifically excluded by Ms. Coffey from her request, as well as information not responsive to the request, such as unsuccessful long term holding facility contract proposal.

Because all responsive records were released to Plaintiff in full with no redactions, they are not identified in the *Vaughn* Index. As a reasonable search of files likely to have all responsive records was conducted and all responsive records found were released to Plaintiff, summary judgment in favor of BLM is appropriate.

I.      **Factual and Procedural Background**

    A.  **The FOIA Request**

On April 29, 2015, Plaintiff forwarded a FOIA request to BLM seeking documents containing the following information in connection with the BLM's Wild Horse & Burro Program:

> 1. All segregable portions of all emails, faxes, letters, and notes from telephone calls FROM Lili Thomas (who was the Contracting Officer's Representative, COR, listed on the long term holding contracts as being in charge of the BLM Long Term holding facilities) TO the long term holding contractors and managers/key personnel, AND all segregable portions of all emails, faxes, and letters FROM the long term holding contractors and managers/key personnel TO Lili Thomas (excluding invoices, since I have requested those records in a previous FOIA request). I request these records from the dates January 1, 2007 up until the date Lili Thomas retired (about Jan. 2015).
>
> [and]
>
> 2. All segregable portions of all emails, faxes, letters, and notes from telephone calls FROM Beatrice A. (Bea) Wade TO long term holding contractors and managers/key personnel, AND all segregable portions of all emails, letters and faxes TO Beatrice A. (Bea) Wade FROM long term holding contractors and managers/key personnel. (Again, excluding invoices.)  I request these records from the dates of January 1, 2007 up until the date the records are gathered and sent to me.

Attachment 1 (Witt Decl.) at ¶¶ 5-6 and Exhibit A (FOIA Request).  In her request, Ms. Coffey made clear that she was seeking documents in connection with 24 long term holding facilities, and the communication were between the contractors and two specific BLM employees, and not inter-agency or intra-agency communications.  *Id.* at 1-2; Witt Decl. at ¶ 7.  Ms. Coffey also requested a fee waiver.  *Id.* at ¶ 8.

In a letter dated May 26, 2015, the BLM acknowledged receipt of the request, informed Ms. Coffey of the required standard for fee waivers and notified her that her request did not justify a fee waiver.  Witt Decl. at ¶ 9 and Exhibit B.

3

As Mr. Witt explained, the only program in which responsive records would be found would be the Wild Horse and Burro Office. Witt Decl. at ¶ 11. Mr. Witt directed that a search of all the locations reasonably likely to contain responsive records be made including the paper and electronic files of the two Wild Horse and Burro Office (WHBO) employees identified by Ms. Coffey in her FOIA request. *Id.* He further explains that:

> In response to Part 1 of Plaintiff's request, WHBO searched the paper and electronic files of Lili Thomas, National Wild Horse and Burro Specialist. The search terms used included: "long term holding contract", "contractor," "contractors," contracts," "Contracting Officer's Representative," "COR," and the names of all WHBO long-term holding facility locations [identified in Ms. Coffey's request].

Witt Decl. at ¶ 12. The time frame of the search was the one identified by Ms. Coffey, i.e., from January 1, 2007 to the end of January 2014, when Ms. Thomas retired. *Id.* at ¶ 13, *see also id.* Exhibit A at 1. In addition,

> In response to Part 2 of Plaintiff's request, WHBO searched the paper and electronic files of Beatrice Wade, Wild Horse and Burro Specialist. The search terms used included: "long term holding contract," "contractor," "contractors," "contracts," "Contracting Officer's Representative," "COR," and {all 24 of the facilities listed [by Plaintiff in her request]. The timeframe of the search was from January 1, 2007 up to the end date of the search, September 8, 2015.

Witt Decl. at ¶ 14. The WHBO search was of all the locations likely to contain the responsive records. *Id.* at ¶ 11.

By letter dated April 6, 2016, the BLM responded to Plaintiff's FOIA request and indicated that it had located 514 pages of responsive records. *Id.* at Exhibit C. It further explained that redactions were made pursuant to FOIA Exemptions 3 and 5. *Id.*

After further review, Mr. Witt explained that no responsive record was withheld. Indeed, during this litigation, he discovered that a large number of documents that were not responsive to Plaintiff's FOIA request were processed and released. Witt Decl. at ¶¶ 18-20. Moreover, the *Vaughn* Index illustrates the nonresponsive nature of the documents processed. *See* Exhibit D.

4

Every document in the *Vaughn* Index was an intra- or interagency communication, or an attachment to such an internal agency communication, i.e., two attachments that dealt with a subject not addressed in the FOIA request (unsuccessful long term holding facilities contract proposals). *See* Exhibit D (*Vaughn* Index) at pages 231-312 and 314-325 (Nos. 1 and 2, unsuccessful contract proposals).

The *Vaughn* Index provides justifications of the nonresponsive documents withheld. Since these processed and redacted records are not responsive to Plaintiff's FOA request, however, the justifications for withholding are not at issue here.

## II.    Legal Standards

### A.    Fed. R. Civ. P. 56 - Summary Judgment

Summary judgment is appropriate where the movant shows that there is "no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). FOIA cases are typically and appropriately decided on motions for summary judgment. *See Harrison v. EOUSA*, 377 F. Supp. 2d 141, 145 (D.D.C. 2005). A defendant is entitled to summary judgment in a FOIA case if it can demonstrate that no material facts are in dispute and that each responsive record located is either exempt from disclosure or was disclosed to the plaintiff. *See Weisberg v. Dep't of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980). To meet its burden, a defendant may rely on "'relatively detailed and non-conclusory'" affidavits or declarations. *Harrison,* 377 F. Supp. 2d at 146 (quoting *SafeCard Servs., Inc., v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)). Those declarations are "accorded 'a presumption of good faith, which cannot be rebutted by "purely

speculative claims about the existence and discoverability of other documents.'"" *Harrison*, 377 F. Supp. 2d at 146 (quoting *SafeCard Servs.,* 926 F.2d at 1200).

### B. FOIA

Congress has enacted the FOIA, 5 U.S.C. § 552, in order to insure that the "veil" of governmental "administrative secrecy" is pierced and the "agency action [s are opened] to the light of public scrutiny." *Am. Civil Liberties Union v. Dep't of Justice*, 655 F.3d 1, 5 (D.C. Cir. 2011) (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976)). The FOIA is, thus, "a means for citizens to know 'what their Government is up to.'" *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 171–172 (2004) (citation and internal quotation marks omitted). The FOIA requires federal agencies to release all records responsive to a request for production unless a specific exemption is applicable. *See* 5 U.S.C. § 552(a)(3), and (a)(4)(B) and 5 U.S.C. § 552(b). It "allows agencies to withhold only those documents that fall under one of nine specific exemptions, which are construed narrowly in keeping with FOIA's presumption in favor of disclosure." *Pub. Citizen, Inc. v. Office of Mgmt. & Budget*, 598 F.3d 865, 869 (D.C. Cir. 2010) (citations omitted). When a FOIA requester properly exhausts his administrative remedies, he may file a civil action challenging an agency's response to its request. See 5 U.S.C. § 552(a)(4)(B); *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004). Once such an action is filed, the agency generally has the burden of demonstrating that its response to the plaintiff's FOIA request was appropriate. *See id*. at 678.

### C. Adequacy of a FOIA Search.

An agency has conducted an adequate search under the FOIA if "it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia–Lucena v. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (*quoting Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990); and *Weisberg v. Dep't of Justice*,

705 F.2d 1344, 1351 (D.C. Cir. 1983)).  To meet this burden, the agency must submit a "reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched."  *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).  The agency's affidavits need not "set forth with meticulous documentation the details of an epic search for the requested records" (*Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982)), although if "the record leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper."  *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990); *see also Plunkett v. Dep't of Justice*, 924 F.Supp.2d 289, 298 (D.D.C. 2013) (denying summary judgment for defendant because "a factual dispute existed as to the adequacy of EOUSA's search").  "The adequacy of the search ... 'is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case.'"  *Steinberg v. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (*quoting Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

### D. FOIA Exemptions Asserted

No FOIA exemptions were asserted to withhold responsive records as none were withheld.

Exemptions 3 and 5 (5 U.S.C. § 552(b)(3) and (b)(5) were asserted to protect information from nonresponsive records that were produced in error.  *See Vaughn* Index.  BLM submits that, under these circumstances, there is no need to recite the standards for applying Exemptions 3 and 5.  *See* generally *Viro Pharma Inc. v. Dep't of Health and Human Servs.*, 839 F.Supp.2d 184, 191 (D.D.C. 2012) (noting that agency was not required to release non-responsive records).  Should the Court determine that the standards for these exemptions should be set forth by BLM, it will promptly do so.

## III. ARGUMENT

### A. Summary Judgment is Warranted for Plaintiff's FOIA Claims.

Summary Judgment is proper inasmuch as no information has been improperly withheld from Plaintiff in accordance with the statutory requirements of the FOIA, and the declarations of agency officials have been provided in good faith and contain reasonably detailed information about the search and the documents.

#### 1. The Department Conducted an Adequate Search.

As noted in the Witt Declaration, searches were conducted of the files maintained by the two BLM employees identified in Plaintiff's FOIA Request. He explained that all responsive records would be in the Wild Horse and Burro Program Offices and in the files of the two BLM employees named in Ms. Coffey's FOIA request. Witt Decl. at ¶ 11. Mr. Witt directed that searches be conducted separately in connection with each part of the two-part request. First,

> In response to Part 1 of Plaintiff's request, WHBO searched the paper and electronic files of Lili Thomas, national Wild horse and Burro Specialist. The search terms used included: "long term holding contract:", "contractor," "contractors," "contracts," "Contracting Officer's Representative," "COR,, and the names of all WHB long term holding facility locations [identified in Ms. Coffey's request].

Witt Decl. at ¶ 12. This search was conducted for records between January 1, 2007 and January 2014, when Ms. Thomas retired. *Id.* at ¶ 13. In connection with the second part of the request, Mr. Witt states:

> In response to Part 2 of Plaintiff's request, WHBO search the paper and electronic files of Beatrice Wade, Wild Horse and Burro Specialist. The search terms used included "long term holding contract", "contractor," "contractors," "contracts," "Contracting Officer's Representative," "COR," and all 24 of the facilities listed [in the FOIA request]. The time frame of the search was from January 1, 2007 up to the end date of the search September 8, 2015.

*Id.* at ¶ 14. Mr. Witt explained that the WHBO searches conducted were of all files reasonably likely to contain the responsive records. *Id.* at ¶ 12.

8

Thus, the BLM has properly documented its search efforts in the Witt Decl. at ¶¶ 11-14. This Declaration satisfies the requirement that an agency must submit a "reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

### 2. No Exemptions were Asserted to Withhold Information on Responsive Records

After the search was conducted, the WHBO transmitted all 514 pages of records found to the BLM FOIA Office. That office began the processing of the records, but did not consider whether they were actually responsive to the FOIA request or not. As the Witt Decl. and attached *Vaughn* Index show, the processed, withheld and partially released records were not responsive to Plaintiff's FOIA request. They were either "intragency or interagency" communications, which were specifically excluded by Plaintiff in her request, or were not responsive to her request. Wittl Decl., Exhibit A at 1.

With regard to the documents that were specifically excluded "intra or interagency" communications, Ms. Coffey stated: "The documents requested are between a government employee and private contractors, so these [sought after] documents are not interagency or intraagency." Witt Decl., Exhibit A at 1. But, the documents outlined in the *Vaughn* Index (Exhibit D) are all internal drafts or communications that were interagency or intraagency communications, or in the cases of the unsuccessful contract proposals, attachments to internal communications. Some of them involved funding approaches or alternatives for the WHBO program which were under consideration, particularly as they related to long term holding facilities. *See e.g.,* Documents 3-6, 8-19, 21-36. The FOIA request also excluded records that

9

were not between a government employee and a private contractor. Therefore, records such as unsuccessful proposals and whether tours should be reinstated were not responsive. *See id.; see also* Documents 1 and 2, 7, 20, 37, 40-44. The FOIA request sought only communications to and from long term holding facilities contractors. Witt Decl., Exhibit A at 1. None of the records described in the *Vaughn* Index fit these perimeters.

As Mr. Witt explained in his declaration:

> My review of the records and the *Vaughn* Index demonstrates to me that none of the processed and withheld records were responsive to Plaintiff's FOIA request. All of those records were either inter- or intra-agency communications or were not communications between Ms. Thomas and Ms. Wade and private BLM contractors. And, although BLM provides an accurate *Vaughn* Index with this declaration, it is unnecessary to the resolution of this FOIA matter because it only addresses documents that are non-responsive to Plaintiff's clear and unambiguous FOIA request. All responsive documents that were located as a result of the search were released in full.

Witt Decl. at ¶ 20. An error was made in processing and many more nonresponsive records were released to Plaintiff. Defendant should not be penalized for the error as FOIA requires only the release of responsive non-exempt records. In addition, Plaintiff received the benefit of the error. BLM has agreed to return the fee. Witt Decl. at ¶ 24. There was an adequate search and no responsive records were withheld.

### III. CONCLUSION

For the reasons set forth above, and based upon the entire record herein, defendant respectfully submits that its motions for partial summary judgment should be granted, and this case should be dismissed in its entirety.

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
United States Attorney for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By: _____/s/_____
CLAIRE WHITAKER, Bar # 354530
Assistant U.S. Attorney
555 4th Street, N.W., E-4216
Washington, D.C. 20530
(202) 252-2526
Claire.Whitaker@usdoj.gov

11