# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DEBBIE COFFEY   )
        )
  Plaintiff,   )
        ) Civil Action No. 16-00508
  v.      )
        )
U.S. DEPARTMENT OF THE )
  INTERIOR, BUREAU OF )
  LAND MANAGEMENT )
        )
  Defendant.   )
        )
_____)

## DECLARATION OF RYAN WITT,
## FREEDOM OF INFORMATION ACT OFFICER, BUREAU OF LAND MANAGEMENT,
## U.S. DEPARTMENT OF THE INTERIOR

I, Ryan Witt, declare as follows:

1. I have been employed by the Bureau of Land Management (BLM), in the United States Department of the Interior (Department) for the past 3 years. I am currently the Freedom of Information Act (FOIA) Officer for the BLM. I have held this position since October 19, 2013.

2. In my capacity as BLM's FOIA Officer, I am responsible for coordinating and overseeing responses to FOIA requests made to the BLM. I am also responsible for responding directly to all FOIA requests made to the BLM's Washington Office.

3. The BLM operates a decentralized FOIA system. Requests may be received in a State Office, Business Center, or the Washington Office. The Bureau accepts requests by mail, fax, or email. When a FOIA request is received by the BLM it is

entered into an electronic tacking database called the Electronic FOIA Tracking

System (EFTS). All requests are entered into EFTS by the FOIA Specialist that

receives the incoming request.

4.    On April 29, 2015, the BLM FOIA Office in Washington, D.C. received a FOIA

request from Plaintiff to which it assigned the tracking number BLM-2015-00586.

Attached as Exhibit A is a true and complete copy of this request.

5.    The request sought:

1)    All segregable portions of all emails, faxes, letters, and notes from

telephone calls FROM Lili Thomas (who was the Contracting

Officer's Representative, COR, listed on the long term holding

contracts as being in charge of the BLM Long Term holding facilities)

TO the long term holding contractors and managers/key personnel,

AND all segregable portions of all emails, faxes, and letters FROM the

long term holding contractors and managers/key personnel TO Lili

Thomas (excluding invoices, since I have requested those records in a

previous FOIA request). I request these records from the dates January

1, 2007 up until the date Lili Thomas retired (about Jan. 2015[*sic*]).

6.    The request further sought:

2)    All segregable portions of all emails, faxes, letters, and notes from

telephone calls FROM Beatrice A. (Bea) Wade TO long term holding

contractors and managers/key personnel, AND all segregable portions

of all emails, letters and faxes TO Beatrice A. (Bea) Wade FROM long

term holding contractors and managers/key personnel. (Again,

excluding invoices.) I request these records from the dates of January 1, 2007 up until the date the records are gathered and sent to me.

7.    In the same request, Plaintiff also stated that "The documents requested are between a government employee and private contractors, so these documents are not inter-agency or intraagency [sic]."

8.    Plaintiff also requested a fee waiver.

9.    On May 26, 2015, Wendy Schumacher, BLM FOIA Specialist, sent an email to Plaintiff to which was attached a letter acknowledging BLM's receipt of the above request, and denying Plaintiff's fee waiver request. Attached as Exhibit B is a true and complete copy of the May 26 email.

10.   On May 29, 2015, BLM FOIA received an email from Plaintiff stating that she would send a check for $1,680.00. On or about June 1, 2015, BLM FOIA received a check from Plaintiff for $ 1,680, and BLM FOIA started processing her request.

11.   Because all records likely to be responsive to this request would be found in the files of the identified employees of the BLM's Wild Horse and Burro Office (WHBO), on May 4, 2015 I directed the request to Sara Bohl, Outreach Coordinator, who handled FOIA requests for the WHBO.

12.   Sara Bohl oversaw the search of all the locations reasonably expected to contain the responsive records. In response to Part 1 of Plaintiff's request, WHBO searched the paper and electronic files of Lili Thomas, National Wild Horse and Burro Specialist. The search terms used included: "long term holding contract", "contractor," "contractors," "contract," "Contracting Officer's Representative," "COR," and the names of all WHBO long-term holding facility locations, including:

Bartlesville, OK
Catoosa, OK
Pawhuska, OK
Foraker, OK
Hulah, OK
Grenola, KS
Teterville West, KS
Teterville East, KS
Whitehorse, SD
Strohm, OK
Gray Horse East, OK
Gray Horse West, OK
Cassoday, OK
Hominy, OK
Mission Ridge, SD
Mt. Ayr, IA
Foster, OK
Tishomingo, OK
Mansfield Green, KS
Vinita, OK
Nowata, OK
Hickory, OK
Ennis, Montana
Atkinson, NE

13.    The timeframe of the search was from January 1, 2007 to the end of January 2014, when Ms. Thomas retired. Note that Plaintiff in her request incorrectly stated that Ms. Thomas had retired around January 2015. Since Ms. Thomas in fact retired at the beginning of 2014, we did not search for records responsive to Part 1 of the request beyond that date, because records would not have existed.

14.    In response to Part 2 of Plaintiff's request, WHBO searched the paper and electronic files of Beatrice Wade, Wild Horse and Burro Specialist. The search terms used included: "long term holding contract," "contractor," "contractors," "contracts," "Contracting Officer's Representative," "COR," and all 24 of the facilities listed above, in Paragraph 12. The timeframe of the search was from January 1, 2007 up to the end date of the search, September 8, 2015.

15.    Although Plaintiff asked in her request that the search for documents responsive to

Part 2 of her request continue up to the date all materials were "gathered to be sent"

to her, BLM FOIA did not extend our search up to the time all the records were

prepared to be sent to her.  The Department's FOIA regulations clearly state that "in

determining which records are responsive to a request, the bureau *will include only*

*records in its possession and control on the date that it begins the search.*" (43 C.F.R.

2.12(b), emphasis added).  Although BLM FOIA believes we are under no obligation

to produce documents that post-date the first day of a FOIA search, because the

WHBO had produced potentially responsive documents up to the last day of their

search of Ms. Wade's records for processing by BLM FOIA, we determined to

process and release, on a discretionary basis, documents produced by the WHBO that

postdated the beginning of the WHBO's search.

16.    Discussions with Ms. Wade about communications with contractors, including notes

she may have taken in connection with telephone calls other oral communications

with long-term holding contractors confirm the fact that it was uncommon for there to

be written communications between private contractors for long-term holding

facilities and herself and Ms. Thomas.  When there were communications, which

would likely have been more common with Ms. Thomas than with Ms. Wade because

of their respective roles in the WHBO, they were routinely by telephone or in person,

and would most often have taken place during tours of the facilities.  It would be rare

that such conversation or conversations over the telephone would be memorialized in

a written note.  My understanding is that Ms. Thomas would have had a similar

experience to Ms. Wade's.  Ms. Thomas, however, retired from BLM in 2014, more

than a year before Plaintiff's request, and was not available to interview. However, it is my understanding of the WHBO procedures that any written notes she may have taken would have been preserved in the WHBO paper and electronic files that were searched in response to this request.

17.    After the WBHO searched the paper and electronic files of Ms. Thomas and Ms. Wade, it produced the results of its search, 514 pages of material, to BLM FOIA for processing and release.

18.    The BLM FOIA Office processed the records and released documents that were well beyond the scope of the request, including a large number of documents that were in fact inter- or intra-agency in character. Notwithstanding Plaintiff's clear instructions that the response was to exclude inter- or interagency information, the BLM FOIA processor, who is no longer with the agency, processed all documents received from the WHBO without consideration of the limiting language of the FOIA request. She also processed records that, while retrieved in the WHBO's search, did not actually apply to long-term holding contractors with BLM. This resulted in far more records being processed and released in full or redacted form.

19.    These nonresponsive documents should not have been processed and released. This was in error and was not discovered until this litigation commenced. The error is attributable, in part, to the fact that there has been considerable recent turnover of the BLM FOIA staff. Other factors include the increasing need for the BLM FOIA Office to address mounting FOIA requests on an expedited basis, and the failure to train specialists in determining the perimeters of the subject FOIA request when records are received by BLM FOIA for processing. Indeed, there appears to have

been a failure on the part of the FOIA specialist originally assigned to process the records, but no longer employed by BLM, to read the FOIA request carefully before commencing processing (as the request expressly limited the records sought to exclude inter- and inter-agency communications, and sought records concerning BLM contractors, not bidders for contracts).

20. My review of the records and the *Vaughn* Index demonstrates to me that none of the processed and withheld records were responsive to Plaintiff's FOIA request. All of those records were either inter- or intra-agency communications or were not communications between Ms. Thomas and Ms. Wade and private BLM contractors. And, although BLM provides an accurate *Vaughn* Index with this declaration, it is unnecessary to the resolution of this FOIA matter because it only addresses documents that are non-responsive to Plaintiff's clear and unambiguous FOIA request. All responsive documents that were located as a result of the search were released in full.

21. Because internal agency documents were mistakenly produced by the BLM FOIA Office and those records contained material that was privileged, the *Vaughn* Index reflects a line-by-line segregability analysis, and the rationale for withholding under one or more of Exemption 5's privileges. *See* Exhibit D. But, as noted above, those withholdings are not properly before the Court for review as these internal agency documents are not responsive to Plaintiff's request which specifically excluded intra- and inter-agency records or do not involve communications with BLM long term holding facilities contractors.

22.    As noted above, the only responsive records in this case were released in full and therefore not discussed in the *Vaughn* Index. For instance, at Pages 102 -103, there appears a File Copy of the contract for Carlton H. Noyes; at Pages 176 -177, there appears an email to Spanish Q from BLM MT: at Page 368, there is a communication to all contractors with new BLM contact person information; at Pages 410 -411, there is a letter to BLM's Ms. Thomas from contractor Rachelle Burton on the drought situation. However, these and the other documents released in full are not at issue in this case.

23.    As of this date, BLM has released all responsive material in accordance with the requirements of the FOIA. As noted above, BLM has also produced additional non-exempt inter- and intra-agency records, which, however, were not responsive to the request as set out in Plaintiff's request.[1]  Attached as Exhibit C is a true and complete copy of the letter accompanying the documents released on April 6, 2016.

24.    Because of the delay in processing Plaintiff's request, as well as the over-processing of records that took place, the fees paid for this request are in the process of being refunded to Plaintiff.

25.    The attached *Vaughn* Index includes a detailed description of each nonresponsive document withheld in part or in full, the FOIA exemption or exemptions (and, where applicable, the Exemption 5 privilege or privileges) claimed, and the justification for that withholding. As I have noted, none of these documents are responsive to the FOIA request.

---

[1] Note that the April 6 response letter, while providing an accurate count of the amount of material produced, miscounts the number of pages withheld in part and in full, giving the number withheld in full as 95, and withheld in part as 86.

26.    With regard to two records (Nos. 1 and 2) described in the *Vaughn* Index, Exemption

3 was asserted to protect unsuccessful contract proposal information found at pages

231-312 and 314-325.  These records, however, are not responsive to Plaintiff's

FOIA request because they were not to or from Lili Thomas or Bea Wade, nor are

they communications with contractors.

27.    The other records described in the *Vaughn* Index were withheld in full or in part

pursuant to Exemption 5.  *See* pages 220-225, 228, 327, 329, 335-340, 341-344, 345-

367,369-379, 382, 385, 387-390, 393-408, 412-444, 506-514.  These records are

inter- or intra-agency documents and communications which include deliberative

process privileged information, and, where indicated on the *Vaughn* Index,

confidential attorney-client communication and attorney work product privileged

information.  As apparent on the face of the descriptions, these documents were not

responsive to Plaintiff's request.

28.    With regard specifically to these intra or inter-agency records and the applicability of

the deliberative process privilege, there were two decision-making processes

underway.  One involved the assumptions being made and options being considered

for funding approaches to long term holding facilities ("LTHF").  A decision relating

to LTHF funding was under consideration and not resolved during the time the

records identified were created.  Thus, the following documents were part of the

deliberative process leading to a decision relating to funding of LTHF:  Nos. 1, 2, 5,

6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23,26, 27, 28, 29, 31, 32, 33, 34,

35, and 36.  The other decision that was under consideration related to public tours,

i.e., whether to continue public tours of long term holding facilities.  The documents

created leading up to the decision to continue public tours subject to cost were Nos. 7, 20, 30, 37, 38 and 39. Once a decision to continue public tours was made, a secondary decision relating to media interviews was under consideration at Nos. 40. An additional communication at No. 41 containing recommendations regarding a draft agency report was also partially withheld.

29. The confidential attorney-client communication privilege and attorney work product privilege were applied to Nos. 9, 11, 12, 13, 21, 22, 2326, 27, 28, 30, 33, 34, 36, 37, 38, 39, 42, 43, and 44, as detailed in the *Vaughn* Index.

30. To summarize, all responsive records located were released to Plaintiff. No withholding of responsive information was made. Only nonresponsive records were redacted in full or in part under FOIA Exemptions 3 and 5. *See* Exhibit D.

31. As no redactions were made to the responsive documents, there is no need to address segregability. With regard to the nonresponsive documents released in error with the transmission to Plaintiff of responsive documents, as the *Vaughn* Index demonstrates, only redactions of exempt information was made.

All the information set forth above in this declaration is based upon my personal knowledge and/or experience and/or my personal review of plaintiff's FOIA request and documents and/or upon information furnished to me in my official capacity.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24st day of October, 2016,

Ryan Witt
Freedom of Information Act Officer

Bureau of Land Management
Department of the Interior

**EXHIBIT A**



FOIA, BLM_WO <blm_wo_foia@blm.gov>

---

## Freedom of Information Act Request (4/29/15)

1 message

---

Deb Coffey <debbiecoffey1234@gmail.com>                                    Wed, Apr 29, 2015 at 6:39 AM
To: "FOIA, BLM_WO" <BLM_WO_FOIA@blm.gov>, blm_oc_foia@blm.gov, Deb Coffey
<debbiecoffey1234@gmail.com>

April 29, 2015

**Washington, DC Office**
WO FOIA Coordinators
1849 C Street NW, Rm 2134LM
Washington, DC
Phone: 202-912-7650
Fax: 202-245-0027
Email:BLM_WO_FOIA@blm.gov

                                                         **RE: Freedom of**

## Information Act Request

Dear Washington Office FOIA Coordinator:

This is a request under the Freedom of Information Act. I request a copy of the following documents, or
documents containing the following information, which are in connection with the **BLM's Wild Horse & Burro
Program**, to be provided to me

**1) All segregable portions of all e-mails, faxes, letters, and notes from telephone calls FROM Lili Thomas
(who was the Contracting Officer's Representative, COR, listed on the long term holding contracts as
being in charge of the BLM Long Term holding facilities) TO the long term holding contractors and
managers/key personnel, AND all segragable portions of all e-mails, faxes, and letters FROM the long
term holding contractors and managers/key personnel TO Lili Thomas (excluding invoices, since I have
requested those records in a previous FOIA request). I request these records from the dates Jan. 1, 2007
up until the date Lili Thomas retired (about Jan. 2015).**

**2) All segregable portions of all e-mails, faxes, letters and notes from telephone calls FROM Beatrice A.
(Bea) Wade TO long term holding contractors and managers/key personnel, AND all segregable portions
of of all emails, letters and faxes TO Beatrice A. (Bea) Wade FROM long term holding contractors and
managers/key personnel. (Again, excluding invoices.) I request these records from the dates of Jan. 1,
2007 up until the date the records are gathered to be sent to me.**

**To help you in your search, the contracts for each individual long term holding contain the contractor's
name, and the Environmental Assessments for each long term holding facility lists the managers/key
personnel. Lili Thomas worked out of the BLM Reno, Nevada office, and Beatrice Wade works out of the
BLM Reno, Nevada office. Bea Wade's current email address is bwade@blm.gov, but she may have had
other email addresses during the time period of the requested records. Her phone number is (775) 861-
6625. From information obtained through other FOIA requests, Bea Wade, who is a Wild Horse & Burro
Specialist, has been involved in the operations and activities of the long term holding facilities. (The
documents requested are between a government employee and private contractors, so these documents
are not interagency or intraagency.)**

**The current LONG TERM HOLDING FACILITIES are:**

for these operations and activities.  I am requesting documents that detail these operations and activities.  More wild horses are now in these BLM holding facilities than are on the range in their Herd Management Areas.  In the Nov. 2014 BLM Off the Range facility report, there were over 31,000 wild horses in the long term holding facilities alone.

The BLM has had "tours" of some of the long term facilities, where they rent buses and invite the media, so the BLM seems to realize there is public interest.  However, it has been about 2 1/2 years since the BLM has had a tour of any long term holding facilities, so this leaves the public with very little information.  There is very little transparency in this aspect of the Wild Horse & Burro Program, and extremely limited public access to these holding facilities.

http://www.blm.gov/wo/st/en/info/newsroom/2011/april/NR_04_29_2011.html

And the BLM, again, using taxpayer dollars, rents buses to drive the public around in, but other than those annual dates or specific locations, the public cannot go on a tour or see the wild horses in long term holding facilities.  The public has never had an opportunity to see most of the long term holding facilities, since the BLM has not offered tours of most of them.  It is often far and expensive for many members of the public to travel to Kansas or Oklahoma for a tour.  The last tour was about 2 1/2 years ago.  http://www.blm.gov/wo/st/en/info/newsroom/2012/march/NR_03_30_2012.html

The records I am requesting will contribute to public understanding of the activities and operations of the BLM Wild Horse & Burro Program, **and the public needs the requested information to understand more about the long term holding aspect of BLM's Wild Horse & Burro program.  The BLM Wild Horse & Burro Program website does NOT give the public a detailed overview of the information I am requesting, which I intend to make available to a large segment of the public.**

The requested records would cover the care of wild horses & burros in long term holding facilities in more detail.   The records would also detail the activities of the long term holding contractors.  The records I am requesting would also contribute to the BLM's stated commitment to transparency and allow the public to have additional accountability, which it can only have with access to detailed information.

The public is interested in, and cares about, our wild horses & burros.  There were major media news stories regarding Tom Davis purchasing over 1700 wild horses from the BLM, and the shipping of the horses, which may have gone to slaughter.  Below are a few of the links in well known media regarding wild horses being sold by the BLM, shipped and questions regarding the disposition of the wild horses.  As you can see, there was much media and public attention to the issue of wild horses.

http://www.democracynow.org/2012/10/9/all_the_missing_horses_federal_govt

http://usnews.nbcnews.com/wild-horses

http://www.boiseweekly.com/boise/all-the-missing-horses-what-happened-to-the-wild-horses-tom-davis-bought-from-the-government/Content?oid=2738262

http://openchannel.nbcnews.com/_news/2012/09/29/14153296-wild-horses-sold-by-us-later-ending-up-at-slaughterhouses?lite

http://www.lasvegassun.com/news/2012/oct/02/all-missing-horses-what-happened-wild-horses-tom-d/

http://www.propublica.org/article/missing-what-happened-to-wild-horses-tom-davis-bought-from-the-govt

http://abcnews.go.com/US/wireStory/blm-restricts-sales-wild-horses-18135379#.UOwzzaxrR1E

http://www.washingtonpost.com/business/blm-issues-new-rules-restricting-sales-of-wild-horses/2013/01/04/b524329a-56bf-11e2-89de-76c1c54b1418_story.html

http://www.boston.com/business/news/2013/01/04/new-blm-rules-restrict-sales-wild-horses/DsrHDvb8aYjtkDyszJyoWl/story.html

http://www.sfgate.com/news/science/article/New-BLM-rules-restrict-sales-of-wild-horses-4168350.php

**The public's understanding of the subject must be enhanced to a significant extent by the disclosure.**

taxpayers about $75.7 million per year.  The information is not currently publicly available.

The BLM's management of public lands, and the management of wild horses and burros, is of interest to a great many people, including other stakeholders.

I have the intent to disseminate the information to a large segment of the public at large throughout the United States with articles on the internet and on radio interviews broadcast across the USA.  I am able to reach large segments of the public, especially on the radio.

One of the nationally syndicated radio shows where I was a guest being interviewed was broadcast in Alabama, California (including Los Angeles), Idaho, Kansas, Louisiana, Michigan, Missouri, Montana, Nevada, New Mexico, New York, Ohio, South Dakota, Tennessee, Texas, Washington and Wisconsin, also via satellite and internationally.  Another radio show was broadcast in New York City, Philadelphia and on the internet.

I've been interviewed (I do this as a concerned American citizen and do not receive any money) on the following radio shows involving subject matter involving the Bureau of Land Management, the BLM's Wild Horse and Burro Program and public lands issues:

KGO News Radio (San Francisco)

Gary Null Show (Progressive Radio Network)  http://thegarynullshow.podbean.com/2011/07/28/the-gary-null-show/

The Power Hour with Joyce Reilly (Genesis Communications Network) http://www.thepowerhour.com/past_shows/schedule_11_14_2011.htm

The Unsolicited Opinion with Maggie Roddin (Republic Broadcasting)

http://theunsolicitedopinion.com/2012/04/11/wednesday-april-11th-debbie-coffey-wild-horses-cant-drag-us-away/

Truth Quest with Melodie Hallett (Oracle Broadcasting)  http://www.oraclebroadcasting.com/archives.php?who=truthquest&month=5&year=2012

www.theinformationcorner.com with Sam & Trish Britton (Missouri)  http://www.theinformationcorner.com/2012broadcastarchive.shtml

The Common Sense Show with Dave Hodges (Republic Broadcasting) and

The Truth Squad with Marti Oakley (blogtalkradio)

The stats on my articles on just one website are 9,000-10,000 readers per article.  My articles are picked up all over the internet after that.  On another website, Liberty News Online, that posts my articles, the authors include ex-Presidential candidate Ron Paul, and well known political commentators like Patrick Buchanan, Ann Coulter and Michelle Malkin, as well as articles by the Washington Times and the New York Post.  (I don't necessarily share any or all of their political viewpoints.)

My articles, which I write for free, are to inform and educate the public and have been posted online at (I've also provided some links to my articles on these websites below):

www.counterpunch.org

www.opednews.com

*www.libertynewsonline.com
http://www.libertynewsonline.com/article_301_30288.php

*www.progressiveradionetwork.com

*www.republicbroadcasting.org

*The Desert Independent (serving Blythe, CA and desert regions of the Southwest)

*www.lagunajournal.com    http://www.lagunajournal.com/senator_harry_reid_is_working_ha.htm

*www.yubanet.com (news to Sacramento, CA and the Sierra)

Sincerely,

Debbie Coffey
912 N. Sweetzer Ave., Apt. D
West Hollywood, CA 90069
(323) 650-5504
debbiecoffey1234@gmail.com

# EXHIBIT B



# United States Department of the Interior

BUREAU OF LAND MANAGEMENT
Washington, D.C.  20240
http://www.blm.gov

May 26, 2015

*In Reply Refer To:*
1278-FOIA (860)
FOIA# 2015-00586

Ms. Debbie Coffey
912 N. Sweetzer Ave., Apt. D
West Hollywood, CA 90069

Dear Ms. Coffey:

The BLM FOIA office received your Freedom of Information Act (FOIA) and fee waiver requests, dated April 29, 2015, on the same day.  The control number is 2015-00586. Please cite this number in any future communications with our office regarding your request.  In that request, you asked for:

"1)  All segregable portions of all e-mails, faxes, letters, and notes from telephone calls FROM Lili Thomas (who was the Contracting Officer's Representative, COR, listed on the long term holding contracts as being in charge of the BLM Long Term holding facilities) TO the long term holding contractors and managers/key personnel, AND all segragable portions of all e-mails, faxes, and letters FROM the long term holding contractors and managers/key personnel TO Lili Thomas (excluding invoices, since I have requested those records in a previous FOIA request).  I request these records from the dates Jan. 1, 2007 up until the date Lili Thomas retired (about Jan. 2015).

2)  All segregable portions of all e-mails, faxes, letters and notes from telephone calls FROM Beatrice A. (Bea) Wade TO long term holding contractors and managers/key personnel, AND all segregable portions of of all emails, letters and faxes TO Beatrice A. (Bea) Wade FROM long term holding contractors and managers/key personnel. (Again, excluding invoices.)  I request these records from the dates of Jan. 1, 2007 up until the date the records are gathered to be sent to me."

In the same email, you asked for a fee waiver. A fee waiver request must address each of these criteria [see 43 C.F.R. § 2.48(a)]:

1)  How the record concern the operations or activities of the Federal Government.
2)  How disclosure is likely to contribute to public understanding of those operations or activities, including:

    a. How the contents of the records are meaningfully informative;

    b. The logical connection between the content of the records and the operations or activities;

    c. How disclosure will contribute to the understanding of a reasonably broad audience of persons interested in the subject, as opposed to your individual understanding;

    d. Your identity, vocation, qualifications, and expertise regarding the requested information and information that explains how you plan to disclose the information in a manner that will be informative to the understanding of a reasonably broad audience of persons interested in the subject, as opposed to your individual understanding; and

    e. Your ability and intent to disseminate the information to a reasonably broad audience of persons interested in the subject (for example, how and to whom do you intend to disseminate the information).

3) How disclosure is likely to contribute to the understanding of a reasonably broad audience of persons interested in the subject, as opposed to your individual understanding:

    a. Whether the information being released is new;

    b. Whether the information would confirm or clarify data that has been released previously;

    c. How disclosure will increase the level of public understanding of the operations or activities of the Bureau that existed prior to disclosure; and

    d. Whether the information is already publicly available. If the Government previously has published the information you are seeking or it is routinely available to the public in a library, reading room, through the Internet, or as part of the administrative record for a particular issue, it is less likely that there will be a significant contribution from release.

4) How the public's understanding of the subject in question will be enhanced to a significant extent by the disclosure:

    a. In deciding whether the fee waiver meets the requirements in 43 C.F.R. § 2.45(a)(2) of this subpart, the Bureau will consider any commercial interest of yours that would be furthered by the requested disclosure:

        i. You are encouraged to provide explanatory information regarding this consideration.

        ii. The Bureau will not find that disclosing the requested information will be primarily in your commercial interest where the public interest is greater than any identified commercial interest in disclosure; and

        iii. If you do not have a commercial interest that would be furthered by disclosure, explain how the public interest in disclosure would be greater than any identified commercial interest you or your organization may have in the documents.

1. Your identity, vocation, and intended use of the requested records are all factors to be considered in determining whether disclosure would be primarily in your commercial interest.
2. If you are a representative of a news media organization seeking information as part of the news gathering process, we will presume that the public interest outweighs your commercial interest.
3. If you represent a business/corporation/association or you are an attorney representing such an organization, we will presume that your commercial interest outweighs the public interest unless you demonstrate otherwise.

Your fee waiver justification fails to articulate how disclosure is likely to contribute to public understanding of those operations or activities. Specifically, your distribution plan does not identify how you will convey the information to a reasonably broad audience of persons interested in the subject and how that disclosure will contribute to their understanding, as opposed to your individual understanding.

You did not make a fee commitment. Our best estimate of the cost of processing the records responsive to your request is $1,680.00, which includes our estimated costs for search.

Under the circumstances, you may:

• Provide us with an advance payment. Send a check payable to: "US Department of the Treasury" and mail to:

> Bureau of Land Management – Washington Office
> 1849 C. Street NW, Rm 2134LM
> Washington, DC 20240

• Reduce the scope of your request, so as to limit the amount of time and/or duplication that would be required to process your request, such that your fee does not exceed the amount that you have agreed to pay; or

• Withdraw your request.

Ryan Witt is responsible for this denial. Laura Damm, Attorney Advisor, in the Office of the Solicitor was consulted. If we do not receive payment or a reduced scope by June 8, 2015, this request will be closed.

You may appeal this fee waiver denial to the Department of the Interior's FOIA/Privacy Act Appeals Officer. If you choose to appeal, the FOIA/Privacy Act Appeals Officer must receive all documentation listed below no later than 30 workdays from the date of this letter. Appeals arriving or delivered after 5 p.m. Eastern Time, Monday through Friday, will be deemed received on the next workday.

4

Your appeal must be made in writing. You may submit your appeal and accompanying materials to the FOIA/Privacy Act Appeals Officer by mail, courier service, fax, or email. All communications concerning your appeal should be clearly marked with the words "FREEDOM OF INFORMATION APPEAL." Send your appeal and accompanying materials to:

> Department of the Interior
> Office of the Solicitor
> 1849 C Street, N.W.
> MS-6556 MIB
> Washington, DC 20240

> Attn: FOIA/Privacy Act Appeals Office

> Telephone: (202) 208-5339
> Fax: (202) 208-6677
> Email: FOIA.Appeals@sol.doi.gov

You must include an explanation of why you believe the BLM's response is in error. Please include your name, daytime telephone number (or the name and telephone number of an appropriate contact), email address, and fax number (if available). Your contact information is required in case the FOIA/Privacy Act Appeals Officer needs additional information or clarification. You must also include copies of all correspondence between you and the BLM concerning your FOIA request, including the original FOIA request and the BLM's response.

Thank you for your interest in our public lands and in the programs and activities of the BLM. If you have any questions regarding this request, please call Wendy Schumacher, FOIA Specialist, at (202) 912-7551 or via email at BLM_WO_FOIA@blm.gov.

Sincerely,

Theresa R. Coleman, Chief
Division of IRM Governance

# EXHIBIT C



# United States Department of the Interior



BUREAU OF LAND MANAGEMENT
Washington, D.C. 20240
http://www.blm.gov

April 6, 2016

*In Reply Refer To:*
1278-FOIA (640)
FOIA# 2015-00586

Ms. Debbie Coffey
912 N. Sweetzer Avenue Apt. D
West Hollywood CA 90069

Dear Ms. Coffey:

This letter is in response to your Freedom of Information Act (FOIA) request, April 29, 2015, and received in our office on the same day. The tracking number is 2015-00586. In your letter, you asked for the following:

> "1) All segregable portions of all emails, faxes, letters, and notes from telephone calls FROM Lili Thomas (who was the Contracting Officer's Representative, COR, listed on the long term holding contracts as being in charge of the BLM Long Term holding facilities) TO the long term holding contractors and managers/key personnel, AND all segragable portions of all emails, faxes, and letters FROM the long term holding contractors and managers/key personnel TO Lili Thomas (excluding invoices, since I have requested those records in a previous FOIA request). I request these records from the dates Jan. 1, 2007 up until the date Lili Thomas retired (about Jan. 2015).
>
> 2) All segregable portions of all emails, faxes, letters and notes from telephone calls FROM Beatrice A.(Bea) Wade TO long term holding contractors and managers/key personnel, AND all segregable portions of all emails, letters and faxes TO Beatrice A. (Bea) Wade FROM long term holding contractors and managers/key personnel. (Again, excluding invoices.) I request these records from the dates of Jan. 1, 2007 up until the date the records are gathered to be sent to me."

We are providing 514 pages which are being sent as an attachment to this letter. Of these, 86 pages are withheld in part and 95 pages are withheld in full.

Exemption 3 of FOIA protects information specifically exempted from disclosure by statute. The Procurement Integrity Act, 41 U.S.C. §2101 et seq., and 18 U.S.C. §1905, among other statutes, prohibit agencies from releasing under the FOIA pre-award bids, proposal information,

scrutiny, as it is believed that the integrity of our system would suffer if adversaries were entitled to probe each other's thoughts and plans concerning the case." *Coastal States Gas Corp. v. United States Dep't of Energy*, 617 F.2d 854, 864 (D.C. Cir. 1980). The privilege extends to administrative, as well as judicial proceedings. *See Exxon Corp. v. United States Dep't of Energy*, 585 F. Supp. 690, 700 (D.D.C. 1983). Once the determination is made that records are protected from disclosure by the attorney work-product privilege, the entire contents of those records are exempt from disclosure under FOIA. *See Judicial Watch, Inc.*, 432 F.3d at 370-71.

The materials that have been withheld under Exemption 5 under the attorney work-product privilege were prepared by or for a Department attorney in reasonable anticipation of litigation. So we conclude that the withheld materials are protected in full from disclosure by the attorney work-product privilege of Exemption 5.

The attorney-client privilege protects "confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice" and is not limited to the context of litigation. *Mead Data Cent, Inc. v. United States Dep't of the Air Force*, 566 F.2d 242, 252-53 (D.C. Cir. 1977). Moreover, although it fundamentally applies to confidential facts divulged by a client to his/her attorney, this privilege also encompasses any opinions given by an attorney to his/her client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect confidential client-supplied information. *See Elec. Privacy Info. Ctr. v. United States Dep't of Homeland Sec.*, 384 F. Supp. 2d 100, 114-15 (D.D.C. 2005).

The information that has been withheld under the attorney-client privilege of Exemption 5 constitutes confidential communications between agency attorneys and agency clients, related to legal matters for which the client sought professional legal assistance and services. Additionally, the Bureau employees who communicated with the attorneys regarding this information were clients of the attorneys at the time the information was generated and the attorneys were acting in their capacities as lawyers at the time they communicated legal advice. Finally, the Bureau has held this information confidential and has not waived the attorney-client privilege.

Please note we have deleted conference call numbers and passcodes that are not responsive to the FOIA request.

Ryan Witt, Bureau of Land Management (BLM) FOIA Officer, is responsible for this partial denial. Gregory Russell, Attorney Advisor in the Office of the Solicitor, was consulted.

You may appeal this partial denial to the Department of the Interior's FOIA/Privacy Act Appeals Officer. If you choose to appeal, the FOIA/Privacy Act Appeals Officer must receive all documentation listed below no later than 30 workdays from the date of this letter. Appeals arriving or delivered after 5 p.m. Eastern Time, Monday through Friday, will be deemed received on the next workday.

Your appeal must be made in writing. You may submit your appeal and accompanying materials to the FOIA/Privacy Act Appeals Officer by mail, courier service, fax, or email. All

If you have any questions regarding this request, please contact Laura Garcia Hinojosa, BLM WO FOIA Specialist, at (202) 912-7650 or via email at BLM_WO_FOIA@blm.gov.

Sincerely,

Cynthia Moses-Nedd, Acting Chief
Division of External Affairs

# EXHIBIT D

Coffey v. BLM (D.D.C., 16-cv-00508)
FOIA Request #BLM-2015-00536

| Entry Number | Description of Records | Author(s)/Correspondents (Unless otherwise noted, all correspondents or authors listed are BLM officials) | Bates Numbers | Date(s) | Record Disposition | Description of material withheld | Exemptions Claimed | Reasons for Withholding |
|---|---|---|---|---|---|---|---|---|
| Non-responsive excluded inter- and intra-agency records | The below inter- and intra-agency documents were not responsive to the request, which specifically | APHIS= Department of Agriculture's Animal and Plant Health Inspection Service DOJ=Department of Justice Attorney; SOL= Department of the Interior's Office of the Solicitor Attorney | | | | | | |
| 1 | Attachment to internal email: "Proposal for Wild Horse Long Term Holding Facility." | No author provided. External, non-agency document, appended to internal agency email. | 231-312 | | withheld in full | Unsuccessful contract proposal. | 3 | 41 U.S.C. 4702 forbids the release under FOIA of contract proposals that are not set forth or incorporated by reference in a contract entered into between the agency and the contractor that submitted the proposal. |
| 2 | Attachment to internal email: "Proposal for Wild Horse Long Term Holding Facility" (continued) | No author provided. External, non-agency document, appended to internal agency email. | 314-325 | 11/12-14/2013 | withheld in full | Unsuccessful contract proposal. | 3 | 41 U.S.C. 4702 forbids the release under FOIA of contract proposals that are not set forth or incorporated by reference in a contract entered into between the agency and the contractor that submitted the proposal. |
| 3 | Email chain: "Contract Formation for Long Term Holding contracts" | Correspondents: Eric Pagel, Danny Lavergne; Steven Santoro; Zachary Reichold; Joan Guilfoyle, Lorna Gunning, Alan Shepherd, Lili Thomas, Corey Grant; Kenneth Lund, Linda Smith, Michael Jackson | 220-225 | 11/12-14/2013 | withheld in part | Parts of the bodies of two emails describing contracting assumptions, options, and alternatives. | 5- Deliberative Process Privilege (DPP) | Deliberative and pre-decisional intra-agency material recording and reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. |

Coffey v. BLM (D.D.C., 16-cv-00508)
FOIA Request #BLM-2015-00586

| # | Description | Author | Page | Status | Content | Exemption | Justification |
|---|---|---|---|---|---|---|---|
| 4 | Attachment to Entry 3, above: "Long Term Holding Facilities (LTHF)" | BLM official | 228 | withheld in part | Two bullet points under sub-heading "Discussion", two bullet points under sub-heading "Recommendation" withheld from internal options document. | 5-DPP | Deliberative and pre-decisional intra-agency decisional recording and material reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. |
| 5 | Attachment to unredacted email at pg. 326: "CAP for Short- and Long-Term Holding Facilities" | Beatrice Wade | 327 | withheld in part | Three paragraphs under heading "Assumptions" and three paragraphs descibing "scenarios to consider" in determining capacity for short or long term holding (LTH) facilities. | 5-DPP | Deliberative and pre-decisional intra-agency decisional recording and/or material reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. |
| 6 | Attachment to unredacted email at Pg. 328: "CAP for Short- and Long-Term Holding Facilities" | Beatrice Wade | 329 | withheld in part | Three paragraphs under heading "Assumptions" and three paragraphs descibing "scenarios to consider" in determining capacity for short or long term holding (LTH) facilities. | 5-DPP | Deliberative and pre-decisional intra-agency decisional recording and/or material reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. |

Coffey v. BLM (D.D.C., 16-cv-00508)
FOIA Request #BLM-2015-00586

| # | Description | Correspondents | Pages | Date | Status | Redaction | Privilege | Justification |
|---|---|---|---|---|---|---|---|---|
| 7 | Email chain: "FW:-FW: Reply Steve longs [sic] request to tour LTH" | Correspondents: Lili Thomas, Nancy Zahedi (Office of the Solicitor (SOL), Don Glenn, Celia Boddington, Craig Leff, Jeff Krauss, Mary Knapp, Tom Gorey | 335-336 | 10/4/2010; 10/5/2010;2 /15/2015 | withheld in part | Part of the bodies of two emails;two paragraphs from a third email, deliberating on potential public tours of LTH sites. | 5-DPP | Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. |
| 8 | Email chain: "Fwd: Current situation [sic] of long term pasture contracts" | Correspondents: Lili Thomas, Gregory Shoop, Jesse Juen, Danny Laverge, Patrick Williams | 337 | 1/3/2014 withheld in part | | Parts of the body of one email, beginning with the clause, "I speculate...", regarding potential approaches to contracts for LTH facilities. | 5-DPP | Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. |
| 9 | Attachment: "Current Status of Long Term Pasture Contract" [attachment to email chain at 8, above.] | Lili Thomas | 338-340 | withheld in part | | Two sentences from one paragraph beginning after "During the summer both the NOC and the Washington solicitors were..." Three paragraphs withheld under the heading "Recommendation". | 5-DPP; Attorney Client Privilege (ACP) | Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of process, the release of which would adversely affect the agency's deliberative process. Confidential communications among agency attorneys and clients encompassing facts provided by clients as well as opinions provided by attorneys based on confidential, client supplied facts. |

Coffey v. BLM (D.D.C., 16-cv-00508)
FOIA Request #BLM-2015-00586

| | | | | | | |
|---|---|---|---|---|---|---|
| 10 | Part of Attachment at Entry 9, above: "Attachment 1", consisting of email chain: "LTH Funding" | Correspondents: Holle Hooks, Kenneth Lund, Zachary Reichold, Cassaundra Seay, Willie Bethune, Steven Santoro, Danny Lavergne | 341-344 | 4/3 to 5/14/2013 | withheld in part | Parts of bodies of two emails in chain opining about possible funding approaches regarding LTH facilities contracts. | 5-DPP | Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. |
| 11 | Part of Attachment at Entry 9, above: "Attachment 2," consisting of email chain: "Subject: GAO Case decisions in regard funding decisions in regard funding and contracts" | Correspondents: Danny Lavergne, Lili Thomas, Lorna Gunning, Lisa Buechler (SOL), Kenneth Lund, Eric Pagel, Steven Santoro | 345-347 | 5/24/2013 | withheld in part | Entirety of body of one email and parts of body of second email containing internal deliberations and confidential communications between agency attorney and agency officials; attorney concerning possible funding approaches to LTH facilities contracts. | 5-ACP, DPP | Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. Confidential communications among agency attorneys and clients encompassing facts provided by clients as well as opinions provided by attorneys based on confidential, client supplied facts. |

| # | Description | Correspondents | Bates | Date | Withheld content | Exemptions |
|---|---|---|---|---|---|---|
| 12 | Part of Attachment at Entry 9 , above: "Attachment 3," consisting of email chain: "Fwd: Incremental Funding discussion from the AMP call" | Correspondents: Dany Lavergne, Lili Thomas, Lorna Gunning, Debra Sonderman (DOI), James Mccaffery (DOI), Lisa Buechler (SOL), Steve Santoro, Eric Pagal | 348-349 | 6/19/2016 withheld in part | Entire body of one email, discussing phone conversation on potential approaches to funding contract between agency attorneys and other agency officials. | 5-DPP, ACP |
| | | | | | Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. Confidential communications among agency attorneys and clients encompassing facts provided by clients as well as opinions provided by attorneys based on confidential, client supplied facts. | |
| 13 | Part of Attachment at Entry 9 , above: "Attachment 4: Long term Storage Facilities- Legal Review" consisting of email chain: " Horse and Burro Program - Issue of Partial or Incremental Funding of Long term Storage Facilities - Legal Review" | Correspondents: Danny Lavergne, Holle Hooks, Joan Guilfoyle, Dean Bolstad, Alan Shepard, Lili Thomas, Lorna Gunning, Steven Santoro, Scott Rogers, Amelia Rocha, Ratna Gupta (SOL), Eric Pagal, Timothy Riley | 350-351 | 6/27/2013 withheld in part | Entire body of one email, discussing phone conversation among agency attorneys and other agency officials including facts, opinions, and legal advice concerning potential approaches to funding FTH contracts. | 5-DPP, ACP |
| | | | | | Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. Confidential communications among agency attorneys and clients encompassing facts provided by clients as well as opinions provided by attorneys based on attorneys based on confidential, client supplied facts. | |

Coffey v. BLM (D.D.C., 16-cv-00508)
FOIA Request #BLM-2015-00586

| # | Description | Correspondents | Pages | Date | Status | Content | Exemption | Justification |
|---|---|---|---|---|---|---|---|---|
| 14 | Part of Attachment at Entry 9, above: "Attachment 5: Incremental Funding of Contracts" consisting of email chain: "Incremental Funding of Contracts" | Correspondents: Danny Lavergne, Jean Guilfoyle, Zachary Reichold, Lili Thomas, Alan Shepherd, Dean Bolstad, Lorna Gunning, John Kelly, Heath Moore, Timothy Riley, Eric Pagal, Kenneth Lund | 352-353 | 7/11/2013 | withheld in part | All but one sentence of body of one email and entirety of body of a second email, both discussing potential approaches to funding LTH contracts. | 5-DPP | Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. |
| 15 | Part of Attachment at Entry 9, above: "Attachment 6" consisting of email chain: "Re: Long term pastures" | Correspondents: Holle Hooks, Zachary Reichold, Danny Lavergne, Jean Guilfoyle, Lili Thomas | 354-355 | 8/20-21/2013 | withheld in part | Parts of the bodies of three separate emails, discussing possible approaches to funding contracts for LTH contracts. | 5-DPP | Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. |
| 16 | Part of Attachment at Entry 9, above: "Attachment 7" consisting of email chain: "Re: Availability" | Correspondents: Holle Hooks, Zachary Reichold, Lili Thomas, Lorna Gunning, Steven Santoro | 356-357 | 8/30-9/2/2013 | withheld in part | Parts of the bodies of two separate emails, discussing possible approaches to funding LTH contracts. | 5-DPP | Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. |

Coffey v. BLM (D.D.C., 16-cv-00508)
FOIA Request #BLM-2015-00586

| # | Description | Correspondents | Bates | Date | Disposition | Paragraphs Withheld | Exemption | Justification |
|---|---|---|---|---|---|---|---|---|
| 17 | Part of Attachment at Entry 9, above: "Attachment 8: ALTERNATIVES FOR LONG-TERM PASTURE CONTRACT" | BLM official | 358-362 | | withheld in part | Paragraphs describing each of three potential contracting alternatives in detail: "Alternative 1, Status Quo"; "Alternative 2, Six month option periods"; and "Alternative 3, Phased in six month option periods." | 5-DPP | Deliberative and pre-decisional intra-agency material recording and reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. |
| 18 | Part of Attachment at Entry 9, above: "Attachment 9" consisting of email chain: "Fwd: Long Term Holding Issue" | Correspondents: Danny Lavergne, Lili Thomas, Jim Weiner, Mary Blake (DOI), Steven Santoro, Lorna Gunning | 363-364 | 12/10-11/2013 | withheld in part | Entire body of one email, discussing possible approaches to funding LTH contracts | 5-ACP | Confidential communications among agency attorneys and clients encompassing facts provided by clients as well as opinions provided by attorneys based on confidential, client supplied facts. |
| 19 | Part of Attachment at Entry 9, above: "Attachment 10" consisting of email chain: "Rec: Long Term Horse Facilities" | Correspondents: Danny Lavergne, Eric Pagai, Steven Santoro, Lorna Gunning, Kenneth Lund, Corey Grant, Timothy Riley, Joan Guilfoyle, Alan Shepherd, Zachary Reichold, Jim Weiner, L. Thomas | 365-367 | 12/13/2013; 12/16/2013; | withheld in part | Part of one paragraph in the body of one email, asking about potentially different approaches to funding LTH contracts | 5-DPP | Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. |
| 20 | Email chain: "FW: Fwd: Reply Steve longs [sic] request to tour LTH." | Correspondents: Lili Thomas, Nancy Zahedi (SOL), Don Glenn, Celia Boddington, Craig Leff, Jeff Krauss, Mary Knapp, Tom Gorey, | 369-372 | 10/4/2010; 10/5/2010;2 /15/2015 | withheld in part | One phrase from each of two emails and two paragraphs from a third email, all deliberating on appropriateness of potential public tours of LTH sites. | 5-DPP | Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. |

| # | Description | Correspondents / From-To | Bates | Date | Exemption Description | Code | Justification |
|---|---|---|---|---|---|---|---|
| 21 | Email chain: "Fwd: Horse and Burro Program - Issue of Partial or Incremental Funding of Long term Storage Facilities - Legal Review" | Correspondents: Danny Lavergne, Holle Hooks, Joan Guilfoyle, Dean Bolstad, Alan Shepherd, Lili Thomas, Lorna Gunning, Steven Santoro, Scott Rogers, Amelia Rocha, Lisa Buechler (SOL), Ratna Gupta (SOL), Eric Pagal, Timothy Riley | 373-375 | 6/27/2013 withheld in part | Body of one email, recording confidential discussion of facts between agency attorneys and agency officials, as well as legal advice provided by agency attorneys concerning funding of confidential, client supplied facts. | 5- ACP | Confidential communications among agency attorneys and clients encompassing facts provided by clients as well as opinions provided by attorneys based on confidential, client supplied facts. |
| 22 | Email chain: "Fwd: Long Term Holding Issue" | Correspondents: Danny Lavergne, Lili Thomas, Jim Weiner, Mary Blake (DOI), William Blake (SOL), Steven Santoro, Lorna Gunning | 376-379 | 12/10-11/2013 withheld in part | Body of one email, explaining client's factual situation and seeking legal opinion of agency attorneys regarding potential approaches to funding LTH contracts. | 5-ACP | Confidential communications among agency attorneys and clients encompassing facts provided by clients as well as opinions provided by attorneys based on confidential, client supplied facts. |
| 23 | Email: "legal review on Long Term Holding" | From: Colten Burnidge (SOL); To: Lorna Gunning; Cc: Danny Lavergne, Lisa Buechler (SOL), Steven Santoro, Lili Thomas | 382 | 11/20/2013 withheld in part | Entire body of email from agency attorney, from providing legal advice to agency clients regarding funding of contracts. | 5-ACP | Confidential communications among agency attorneys and clients encompassing facts provided by clients as well as opinions provided by attorneys based on confidential, client supplied facts. |
| 24 | Email: "Contract Formation for Long Term Holding contracts" | From: Danny Lavergne; To: Jim Weiner (SOL) | 383 | 11/26/2013 now released in full | | | |
| 25 | Email: "Contract Formation for Long Term Holding contracts" | From: Jim Weiner (SOL); To: Danny Lavergne | 384 | 11/26/2013 now released in full | | | |

Coffey v. BLM (D.D.C., 16-cv-00508)
FOIA Request #BLM-2015-00586

| # | Document | From/To | Pages | Date/Status | Description | Exemption |
|---|----------|---------|-------|-------------|-------------|-----------|
| 26 | Email: "Funding problem" | From: Danny Lavergne; To: Lisa Buechler (SOL) | 385 | 5/17/2013 withheld in part | Most of body of email, providing client's "snapshot of the problem" regarding funding of LTH contracts and seeking legal advice from agency attorney. | 5-ACP | Confidential communications among agency attorneys and clients encompassing facts provided by clients seeking legal advice. |
| 27 | Email: "Horse and Burro Program - Issue of Partial or Incremental Funding of Long term Storage Facilities - Legal Review | From: Lorna Gunning; To: Danny Lavergne, Steven Santoro, Scott Rogers, Amelia Rocha. Cc: Lisa Buechler (SOL) Eric Pagal, Timothy Riley | 387-388 | 6/27/2013 withheld in part | Body of one email, recording confidential discussion of facts between agency attorneys and agency officials, as well as legal advice provided by agency attorneys concerning funding of LTH contracts. | 5-ACP | Confidential communications among agency attorneys and clients encompassing facts provided by clients as well as opinions provided by attorneys based on confidential, client supplied facts. |
| 28 | Attachment: untitled | Lisa Beuchler (SOL) | 389-390 | withheld in full | Document, from agency attorney to client, reflecting confidential facts provided by client and attorney's analysis regarding legal sufficiency of a contract solicitation, withheld. | 5-ACP; AWP | Confidential communications among agency attorneys and clients encompassing facts provided by clients as well as opinions provided by attorneys based on confidential, client supplied facts. Confidential materials authored by agency attorneys in anticipation of litigation and containing the mental impressions, thoughts, opinions, analyses and evaluations of agency attorneys. |

Coffey v. BLM (D.D.C., 16-cv-00508)
FOIA Request #BLM-2015-00586

| | | | | | | |
|---|---|---|---|---|---|---|
| 29 | Document: "Long Term Holding Facilities (LTHF)" (same as Entry 4) | BLM official | 393 | | withheld in part | Two bullet points under sub-heading "Discussion", two bullet points under sub-heading "Recommendation" withheld from internal options document. | 5-DPP | Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. |
| 30 | Email chain: "Fwd: Long-term holding and Broken Arrow (Fallon) Facility public tours" | Correspondents: Alan Shepherd, James Beck, Lili Thomas, Heather Emmons, Deborah Collins, Joan Guilfoyle, Erik Peterson, DOJ, Nancy Zahedi, SOL | 394-398 | 4/10, 11, 13/2013 and | withheld in part | Parts of bodies of two emails, offering opinions on potential public tours of LTH facilities withheld under DPP. Bodies of three emails, seeking and giving advice on legal implications of potential public tours withheld under ACP. | 5-DPP; ACP | Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. Confidential communications among agency attorneys and clients encompassing facts provided by clients as well as opinions provided by attorneys based on confidential, client supplied facts. |
| 31 | Email chain: "Fwd: WH&B Long Term Holding Facilities | Correspondents: Danny Lavergne, Lili Thomas, Lorna Gunning, Steven Santoro, Eric Pagal, Timothy Riley | 399-408 | 9/5-6/2013 | withheld in part | Parts of bodies of three emails, describing possible options for contracts for long term holding facilities and opinions of agency officials on those options, withheld. Decision, to extend contracts for six months, is not redacted. | 5-DPP | Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. |

Coffey v. BLM (D.D.C., 16-cv-00508)
FOIA Request #BLM-2015-00586

| # | Document | Correspondents | Pages | Date | Status | Description | Exemption | Justification |
|---|----------|----------------|-------|------|--------|-------------|-----------|---------------|
| 32 | Document: "CAP for Short- and Long-Term Holding Facilities" (same as Entry 5) | Correspondents: Holle Hooks, Tonya Jackson, Lili Thomas, Michael Jackson, Zachary Reichold, Kenneth Lund, Danny Lavergne, Steven Santoro, Scott Rogers, Lisa Buechler (SOL), Amelia Rocha, Ratna Gupta (SOL), Lorna Gunning, Beatrice Wade | 412-413 | | withheld in part | Three paragraphs under heading "Assumptions" and three paragraphs descibing "scenarios to consider" in determining capacity for short or LTH facilities. | 5-DPP | Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. |
| 33 | Email chain: "Long Term Pasture Funding during a CR" | Eric Pagal, Timothy Riley | 414-415 | 8/20/2013; 6/27/2013; | withheld in part | Part of body of one email, opining and seeking input about agency authority and funding of LTH contracts withheld under DDP. Entire second email, recording confidential discussion of facts between agency attorneys and agency officials, as well as legal advice provided by agency attorneys during phone call on same topic, withheld under ACP. | 5-DPP, ACP | Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. Confidential communications among agency attorneys and clients encompassing facts provided by clients as well as opinions provided by attorneys based on confidential, client supplied facts. |
| 34 | Email chain: "Long-Term holding and Broken Arrow (Fallon) facility public tours" | Corespondents: Alan Shepherd, Joan Guilfoyle, Lili Thomas, Dean Bolstad, Erik Peterson (DOI); Nancy Zahedi (SOL) | 416-419 | 4/10-11/2013 | withheld in part | Parts of bodies of two emails and entire bodies of two other emails, seeking and providing advice from agency and DOI attorneys on legal implications of potential public tours. | 5-ACP | Confidential communications among agency attorneys and clients encompassing facts provided by clients as well as opinions provided by attorneys based on confidential, client supplied facts. |

Coffey v. BLM (D.D.C., 16-cv-00508)
FOIA Request #BLM-2015-00586

| # | Document | Correspondents | Bates | Date | Status | Exemption | Description | Justification |
|---|---|---|---|---|---|---|---|---|
| 35 | Email chain: "Re: approp. Language" | Correspondents: Holle Hooks, Francis Ackley, Dean Bolstad, Lili Thomas, Ruth Raisanen, Sally Spencer | 420-422 | 1/23/2013; 1/26/2013 | withheld in part | 5-DPP | Parts of bodies of two emails, deliberating on interpretation of appropriation language relative to LTH contracts. | Deliberative and pre-decisional intra-agency decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. |
| 36 | Email chain: "Long Term Pasture Funding during a CR" | Correspondents: Lili Thomas, Holle Hooks, Lorna Gunning, Danny Lavergne, Steven Santoro, Scott Rogers, Amelia Rocha, Lisa Beuchler (SOL), Ratna Gupta (SOL), Eric Pagal, Timothy Tiley | 423-424 | 6/27/2013; 8/20/2013 | withheld in part | 5-DPP, ACP | Part of body of one email, opining and seeking input about agency authority and funding of LTH contracts withheld under DDP. Entire second email, recording confidential discussion of facts between agency attorneys and agency officials, as well as legal advice provided by agency attorney during phone call on same topic, withheld under ACP. | Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. Confidential communications among agency attorneys and clients encompassing facts provided by clients as well as opinions provided by attorneys based on attorneys based on confidential, client supplied facts. |

Coffey v. BLM (D.D.C., 16-cv-00508)
FOIA Request #BLM-2015-00586

| No. | Description | Bates | Date | Withheld | Exemption | Content withheld | Justification |
|---|---|---|---|---|---|---|---|
| 37 | Correspondents: Lili Thomas, Deborah Collins, Alan Shepherd, James Beck, Heather Emmons, Joan Peterson (DOI), Nancy Zahedi (SOI) Email chain: "Re: Long-term holding and Broken Arrow (Fallon) facility public tours -Guilfoyle, Erik Peterson (DOI), Nancy Zahedi (SOI) DECISION" | 425-430 | 4/10,11,15/2013 | withheld in part | 5-DPP, ACP | Parts of the bodies of two emails, offering opinions on potential public tours of LTH facilities withheld under DPP. Bodies of three emails, seeking and giving advice on legal implications of potential public tours withheld under ACP. | Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. Confidential communications among agency attorneys and clients encompassing facts provided by clients as well as opinions provided by attorneys based on confidential, client supplied facts. |
| 38 | Correspondents: Alan Shepherd, Joan Guilfoyle, James Beck, Lili Thomas, Erick Peterson (DOI), Nancy Zahedi (SOI) Email chain: "Re: Long-term holding and Broken Arrow (Fallon) facility public tours (SOL)" | 431-434 | 4/10-11/2013 | withheld in part | 5-DPP, ACP | Parts of bodies of three emails offering opinions on potential public tours of LTH facilities withheld under DPP. Entire bodies of three other emails seeking and giving advice on legal implications of potential public tours withheld under ACP | Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. Confidential communications among agency attorneys and clients encompassing facts provided by clients as well as opinions provided by attorneys based on confidential, client supplied facts. |

| # | Description | Correspondents | Bates | Date | Status | Exemption | Justification |
|---|---|---|---|---|---|---|---|
| 39 | Email chain: "Re: Long-term holding and Broken Arrow (Fallon) tours - DECISION - Cost Estimate Needed?" | Correspondents: Deborah Collins, Lili Thomas, Alan Shepherd, James Beck, Heather Emmons, Joan Guilfoyle, Erik Peterson (DOI), Nancy Zahedi (SOL) | 435-440 | 4/10,11,15/ 2013 | withheld in part | 5-DPP, ACP | Parts of bodies of three emails offering opinions on potential public tours of LTH facilities withheld under DPP; Entire bodies of three other emails seeking and giving advice on legal implications of potential public tours withheld under ACP. Ultimate decision, to continue public tours if cost is minimal, stated in unredacted email. Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. Confidential communications among agency attorneys and clients encompassing facts provided by clients as well as opinions provided by attorneys based on confidential, client supplied facts. |
| 40 | Email chain: NBC-affiliate interview - need a decision" Joan Guilfoyle, Alan Shepherd | Correspondents: Patricia Fosse, Lili Thomas, Heather Emmons, David Abrams, Melodie Lloyd, | 441-442 | 4/17/2013 | withheld in part | 5-DPP | Parts of bodies of two emails, seeking and giving opinions of whether appropriate to accommodate an individual media interview/tour outside context of previous scheduled group media tour, withheld. Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. |
| 41 | Email chain: "RE: Sale Program R&R Report - Need your help on two questions" | Correspondents: Albert Kane (APHIS), Sally Spencer, Zachary Reichold, Lili Thomas, Joseph Stratton, Deborah Collins, Karen Malloy, Francis Ackley, Shayne Banks, Victor Warr | 443-444 | 1/25/2013 | withheld in part | 5-DPP | Parts of body of one email, containing draft recommendations for R&R Report and seeking input on related topics, withheld. Deliberative and pre-decisional intra-agency material recording and/or reflecting the candid thoughts of agency officials during the deliberative process, the release of which would adversely affect the agency's deliberative process. |

Coffey v. BLM (D.D.C., 16-cv-00508)
FOIA Request #BLM-2015-00586

| 42 | Email: Subject withheld | From: Nancy Zahedi (SOL); To: Lili Thomas Cc: Erik Peterson (DOI) | 506 | 2/15/2013 withheld in part | Subject line, attachment title, and body of email from agency attorney to agency client and DOI attorney concerning litigation. | 5-ACP | Confidential communications among agency and DOI attorneys and clients encompassing facts provided by client and opinions provided by attorney based on confidential, client supplied facts. |
| 43 | Attachment to Entry 42, above: [title withheld] | Nancy Zahedi (SOL) | 507-513 | withheld in full | Outline written by agency attorney in response to ongoing litigation and reflecting litigation strategy | 5-ACP, AWP | Confidential communication between agency attorney and client encompassing facts provided by clients as well as opinions provided by attorneys based on confidential, client supplied facts. Confidential materials authored by agency attorneys in anticipation of litigation and containing the mental impressions, thoughts, opinions, analyses and evaluations of agency attorneys. |
| 44 | Email: [subject withheld] | From: Nancy Zahedi (SOL); To: Lili Thomas; Cc: Erik Peterson (DOI) | 514 | 2/13/2013 withheld in part | Subject line and entire body of email from agency attorney to client reflecting specific litigation strategy. | 5-ACP | Confidential communications among agency and DOI attorneys and clients encompassing facts provided by client and opinions provided by attorney based on confidential, client supplied facts. |

15