IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBBIE COFFEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 16-cv-00508-JEB |
| v. | ) |
| | ) |
| BUREAU OF LAND MANAGEMENT, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(b)(1), Plaintiff, Debbie Coffey,

hereby respectfully moves for Summary Judgment in the above captioned action, on the

grounds that there are no genuine issues of material fact that prevent a judgment for

Plaintiff. This Motion is supported by the Plaintiff's Memorandum in Support of

Plaintiff's Motion for Summary Judgement and in Opposition to Defendant's Motion

for Summary Judgement, Plaintiff's Statement of Undisputed Facts and Response to

Defendant's Statement of Facts, and by the Declaration of Debbie Coffey which are

filed herewith.

Respectfully submitted this 5th day of December, 2016.

Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
Attorney for Plaintiff

/s/ C. Peter Sorenson
C.Peter Sorenson (D.C. Bar No. 438089)
Sorenson Law Office
PO Box 10836
Eugene, Oregon 97440
541-606-9173
petesorenson@gmail.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBBIE COFFEY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 16-cv-00508-JEB |
| | ) |
| | ) |
| BUREAU OF LAND MANAGEMENT, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITIONTO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Debbie Coffey, hereby submits this consolidated Memorandum in Support of Plaintiff's Motion for Summary Judgment and in Opposition to the Motion for Summary Judgment filed by Defendant Bureau of Land Management ("BLM") [Dkt 13] in the above captioned action.

## I.

## INTRODUCTION

Plaintiff filed this action under authority of the Freedom of Information Act, 5 U.S.C. § 552 et seq ("FOIA") on March 17, 2016, challenging BLM's responses to her April 29, 2015 FOIA request:

1)  Plaintiff seeks an injunction from the Court that the defendant shall return the processing fees that Plaintiff paid Defendant; such refund is required by law; and

2)  Plaintiff seeks an injunction from the Court that orders defendant to conduct an adequate search for records. Plaintiff particularly seeks emails between two specific BLM

employees, Lili Thomas and Beatrice Wade, and the Long Term Holding Contractors (LTHC), the ranchers responsible for the care of certain wild horses and burros.

## II.

## BACKGROUND

Plaintiff is an individual and resides in West Hollywood, a city located within Los Angeles County, California. See Declaration of Debbie Coffey. ("Coffey Decl.") ¶ 1. [filed herewith]. Plaintiff has spent over four years providing volunteer services to protect Wild Horse and Burros. Coffey Decl. at ¶ 6. [filed herewith]. Plaintiff has hosted a blog talk radio show called Wild Horse and Burro radio Coffey Decl. at ¶ 6. [filed herewith]. Plaintiff has also given radio interviews and spoken at the American Equine Summit. Coffey Decl. ¶ 8. [filed herewith].

In the present action, Plaintiff challenges the agency's failure to meet its FOIA statutory duties as to both the adequacy of the agency's search for responsive records in responding to Plaintiff's April 29, 2015 request and for the Defendant's refusal to return processing fees with interest that Plaintiff paid Defendant when such fees were illegally retained. Coffey Decl. ¶¶ 9, 10, 11, 12, 13, 14. [filed herewith].

## III.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff hereby adopts, and expressly incorporates by reference, Defendant's description of the administrative proceedings, and the factual background pertaining to this FOIA request as set forth in Defendant's Statement of Undisputed Facts Not in Dispute [Dkt 13-2] except as to those specific objections and additional factual matters identified within Plaintiff's Statement of Undisputed Facts and Response to Defendant's Statement of Facts [filed herewith].

## IV.

## STANDARD OF REVIEW

Summary judgment should be granted if there is "no genuine issue as to any material fact" and the "moving party is entitled to judgment as a matter of law." Fed.R.Civ.Proc. 56C. The moving party has the burden of demonstrating the absence of a genuine issue for trial. *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987); *Vick v. Brennan*, 172 F. Supp. 3d 285, 295 (D.D.C. 2016).

In FOIA actions, the burden is on the government Defendant to demonstrate that it has performed an adequate search for records responsive to the FOIA request. *See e.g. DiBacco v. U.S. Army*, 795 F.3d 178, 188 (D.C. Cir. 2015); *Kleinert v. Bureau of Land Management* 132 F. Supp. 3d 79, (D.C. Cir. 2015); *Shapiro v. Dep't of Justice* (Civil Action No. 16-cv-592 (JEB), 2016 WL 5922295, at *2 (D.D.C. Oct. 11, 2016)).

## V.

## APPLICABLE LAW – THE FREEDOM OF INFORMATION ACT

The Supreme Court has observed that FOIA was designed to "pierce the veil of administrative secrecy, and to open action to the light of public scrutiny." *Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 746 F.3d 1082, 1088 (D.C. Cir. 2014); *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976). "Disclosure, not secrecy, is the dominant objective." *Id; Dept. of Interior v. Klamath Water Users Protective Assn.*, 532 U.S. 1,8 (2001).

The primary goal of FOIA "is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 746

F.3d 1082, 1088 (D.C. Cir. 2014), *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214 242

(1978) (citations omitted).

The D.C. Circuit has discussed the nature and purpose of FOIA, and judicial review for

this statute, in holding:

> FOIA "was enacted to facilitate public access to Government documents"
> and "was designed to 'pierce the veil of administrative secrecy and to open agency
> action to the light of public scrutiny.'" *Dep't of State v. Ray*, 502 U.S. 164, 173,
> 112 S.Ct. 541, 116 L.Ed.2d 526 (1991)(quoting *Dept. of Air Force v. Rose*, 415
> U.S. 352, 361, 96 S.Ct.     1592, 48 L.Ed.2d 11(1976). Because of FOIA's
> "goal of broad disclosure," the Supreme Court has "insisted that the exemptions
> be 'given a narrow compass" *Milner v. Dep't of Navy*, U.S. , 131 S.Ct. 1259, 1265,
> 179 L.Ed.2d 268 (2011)(quoting *Dep't of Justice v. Tax Analysts*, 492 U.S. 136,
> 151, 109 S.Ct. 2841, 106 L.Ed.2d (1989)); accord *FBI v. Abramson*, 456 U.S.
> 615, 630, 102 Sc.Ct. 2054, 72 L.Ed.2d 376 (1982) ("FOIA exemptions are to
> be narrowly construed.").

*Citizens for Responsibility and Ethics in Washington v. Department of Justice*, 746 F.3d

1082, 1088 (D.C. Cir. 2014).

The FOIA statute expressly requires that a federal agency must make a final

determination on all FOIA requests that it receives within twenty working days (excepting

Saturdays, Sundays, and legal public holidays, after the receipt of such request, unless the agency

provides notice of the requester of "unusual circumstances" meriting additional time for

responding 5 U.S.C § 552(a)(6)(A)(i). The FOIA statute also provides that a person shall be

deemed to have exhausted their administrative remedies if the agency fails to comply with the

applicable time limitations provided by 5 U.S.C § 552(a)(6)(A)(i)-(ii) described above. See 5

U.S.C § 552(a)(6)(C) (often described as "constructive exhaustion").

The FOIA statute further provides that any person who has not been provided the

requested records pursuant to FOIA may, after exhausting their administrative remedies, seek

legal redress from the federal district to "enjoin the agency from withholding agency records and

to order agency records improperly withheld from the complainant." 5 U.S.C § 552(a)(4)(B).

## VI.

## FAILURE TO RETURN PROCESSING FEES WITH INTEREST

### Facts

On April 29, 2015 BLM's FOIA office received Plaintiff's FOIA request. (Declaration of Ryan Witt, FOIA Officer, BLM, U.S. Department of the Interior) (hereafter Witt. Decl.) ¶ 4. [Dkt 13-1].

On May 26, 2015 BLM's FOIA office emailed Plaintiff, informing her that the cost of processing plaintiff's request would be $1,680.00. Witt Decl. ¶ 9. [Dkt 13-1] On or about June 1, 2015 BLM FOIA received a check from Plaintiff for $1,680.00. Witt Decl. ¶ 10. [Dkt 13-1].

On November 10, 2015 Plaintiff emailed Defendant and requested a refund of the processing fees. Coffey Decl. ¶ 21. [filed herewith].

On December 31, 2015 Plaintiff emailed Defendant, requested a refund of her money and asked about the current status of her refund. Coffey Decl. ¶ 22. [filed herewith].

On March 17, 2016 Plaintiff filed a Complaint in this Court. Coffey Decl. ¶ 23. [filed herewith].

As of December 5, 2016, BLM has not refunded the $1,680.00 with interest, even though BLM has gone beyond their 20 day deadline. Coffey Decl. ¶ 22 [filed herewith].

### Law

FOIA has been amended.  5 USC § 552 (a)(4)(A)(viii) now states:

An agency shall not assess any search fees (or in the case of a requester described under clause (ii)(II), duplication fees) under this subparagraph if the agency fails to comply with any time limited under paragraph (6), if no unusual or exceptional circumstances (as those terms are defined for purposes of paragraphs (6)(B) and (C), respectively) apply to the processing of the request."

No unusual circumstances have been raised or claimed by Defendant in this action.

In *Bensman v. Nat'l Park Serv.*, 806 F. Supp.2d 31 (D.D.C. 2011) the agency argued that the "20 day workday time limit . . . does not begin to run until all issues regarding processing fees are resolved." The District Court stated in interpreting 5 USC § 552 (a)(4)(A)(viii)), "As Defendant's position is incompatible with both FOIA's legislative history and its clear statutory language, "the [C]ourt as well as [Defendant], must give effect to the unambiguously expressed intent of Congress." quoting *Chevron U.S.A. v. Natural Resources Defense Council, Inc*, 467 US. at 842-43, 104 S.Ct. 2778 (1984); *Bensman* at 44.

The District Court ruled that the defendant in that case exceeded FOIA's 20 working day time limit with respect to Plaintiff's request and that the agency cannot assess fees for its search. *Bensman* at 36.

More recently, in *Stein v. U.S. Department of Justice* (Civil Action No. 13-cv-571 (TSC) (D.D.C. July 18, 2016)) the District Court encountered competing motions for summary judgment in a FOIA matter. Under the facts of that case, the government had required a $72.50 advance payment, which the plaintiff in that case had remitted. Because the Court found that the Defendant agency had not responded to the FOIA request within the 20 working days, the Court not only ordered the Defendant to return the advance payment but also ordered it refunded "with interest."

Defendant may argue that this case is moot. Mr. Witt states "Because of the delay in processing Plaintiff's request.....the fees paid for this request are in the process of being refunded to Plaintiff." Witt Decl. ¶ 24 [Dkt 13-1].

This case is not moot. In the event that this argument is eventually made, Plaintiff submits the fact that the money with interest has not been received as of December 5, 2016.

Coffey Decl. ¶ 22 [filed herewith].

Analyzing mootness implicates two potential standards; the application of the proper standard turns upon whether the cessation of the violations at issue is deemed to be voluntary or if it is caused by the official acts of third parties. *Black Warrior Riverkeeper, Inc. v. Cherokee Mining*, 637 F. Supp.2d 983, 988 (N. D. Al. 2009).

In seeking to have the case dismissed as moot when the compliance is "voluntary," the party claiming mootness carries the "heavy" burden of demonstrating that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc.*, 484 U.S. 49, 66 (1987) (citations omitted; emphasis in original).

There is an exception to the doctrine of mootness. The exception exists where a party has extinguished the controversy by voluntarily changing its allegedly unlawful conduct after the commencement of a lawsuit. See *Cnty. of L.A. v. Davis*, 440 U.S. 625, 631 ("[V]oluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot. ").

Courts refer this concept as the "voluntary cessation exception" and this rule responds to the imperative that "federal courts [] not leave a wily defendant `free to return to his old ways'" after a lawsuit is terminated. *Sharp v. Rosa Mexicano*, D.C., 496 F. Supp. 2d 93, 98-99 (D.D.C. 2007)(quoting *Friends of the Earth, Inc. v Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000)). *DL et al v. District of Columbia* (Civil Action No. 05-1437 (RCL) (D.D.C.May 18, 2016)).

Defendant is violating FOIA by failing to return processing fees with interest.  Plaintiff respectfully requests that the court grant her Motion for Summary Judgment and order the return of her processing fees with interest as was done in the *Stein* case.

# VII.

## ADEQUACY OF SEARCH OBJECTIONS

A.

THE REQUEST, THE RELEASE AND THE SEARCH FOR RECORDS

1) General

The Defendant administers the Wild Free-Roaming Horses and Burros Act, 16 U.S.C.

Sections 1331-1340.  The Act as well as other acts of Congress, and certain delegated authorities

directs the BLM to protect and manage wild horses and burros.  In managing the wild horses and

burros, the animals are gathered or rounded up and held on private ranches.  The Defendant then

contracts with and oversees these private entities to provide places for the horses and burros to

reside, as well for their food, water and animal health care.

Defendant has emailed contractors, who are mostly ranchers whether they are either Long

Term Holding Contractors (LTHCs) and Short Term Holding Contractors. Coffey Decl. Exhibit

103 [filed herewith].  As part of the contract a LTHC is directed to contact the Contracting

Officer's Representative (COR) for guidance in handling different circumstances pertaining to

wild horses and burros. Coffey Decl. ¶ 25 [filed herewith].  BLM employee Lili Thomas was a

COR at relevant times and was the appropriate contact for the LTHCs.  In addition, the

Defendant monitors the care of the horses through contact between the COR and the LTHC.

Plaintiff has made over 100 FOIA requests concerning the Wild Horse & Burro Program.

Coffey Decl. ¶ 7 [filed herewith]. She is familiar with many of the activities of the Defendant's

Wild Horse & Burro Long term holding program Coffey Decl. ¶ 9 [filed herewith].

2) Request under FOIA

Plaintiff emailed her FOIA request to the Defendant on April 29, 2015. Coffey Decl.,

Exhibit 101 [filed herewith]. Defendant received the Plaintiff's FOIA request on April 29, 2015.
Witt Decl. ¶ 4 [Dkt 13-1].

At the outset, Plaintiff will note there is one request but that there is a discrepancy
between the two documents submitted by the parties. The Plaintiff's version of the request is
seven pages long. The Defendant's version of the Request is only four pages long. Plaintiff
believes that Exhibit 101 is a true and accurate representation of her request. Coffey Decl. ¶ 9
[filed herewith].

Plaintiff included in her FOIA request the following sentence, "To help you in your
search, the contracts for each individual long term holding contain the contractor's name and the
Environmental Assessments for each long term holding facility lists the managers/key
personnel". Coffey Decl. ¶ 10. [filed herewith].

In addition, Plaintiff, in her Request, provided the location of the holding facilities.
Coffey Decl ¶ 10 & Exhibit 101. [filed herewith]. This was omitted from Defendant's version of
Plaintiff's Request. See Witt Decl. Exhibit A [Dkt 13-1].

The heart of Plaintiff's request is for all emails, faxes and letters from Lili Thomas to and
from LTHCs. She also requested notes of any telephone calls. Coffey Decl. ¶ 10 and Exhibit 101
[filed herewith].

3) Defendant's Response and Release of Records

Plaintiff's request was made April 29, 2015, this action was filed March 17, 2016 and on
April 6, 2016 Defendant responded with some responsive records. Coffey Decl. ¶¶ 9, 23, 24
[filed herewith]. A period of 343 calendar days and 233 working days elapsed between
Defendant's receipt of her request and the Defendant's release of some records. Coffey Decl. ¶ 24
[filed herewith].

Defendant released 514 pages of records. Witt Decl. ¶ 17 [Dkt 13-1].  Defendant admits that some of these records were not responsive to the request, saying "The BLM FOIA Office processed the records and released documents were well beyond the scope of the request, including a large number of documents were in fact inter - or intra - agency in character." Witt Decl. ¶ 18 [Dkt 13-1].

4) Responsive Records

a)  Written Communication from TW Burton (LTHC) to Lili Thomas

Although Plaintiff had requested written communications between Lili Thomas and LTHCs (and between Beatrice Wade and LTHCs) there was buried in all of those 514 pages only a few pages referenced written communication between Ms. Thomas and a LTHC.  That communication, appearing at Exhibit 102, are three pages, pages 409, 410 and 411 of 514 pages released.  Exhibit 102 is an email from Beatrice Wade to a number of BLM employees, including Lili Thomas.  As a part of the release, the record, also within Exhibit 102 , apparently from TW Burton, a LTHC, is dated July 15 (presumably 2013) and is addressed "Dear Ms. Thomas, We are writing you to update you on the drought situation.....TW Burton". These few pages are the only records that are responsive to Plaintiff's request.

b) Direction to LTHCs to Communicate with CORs

Long Term Holding Contractors (LTHCs) are in isolated rural areas in States such as Oklahoma, Kansas, Nebraska and Montana. Coffey Decl., ¶ 10 d [filed herewith].

LTHCs have many responsibilities to communicate with the Defendant's Contract Officer's Representatives (CORs).  In the records released, Exhibit 103 is an example of a contract with standard provisions that are used by the BLM and LTHCs in administering these contracts.  For example, the "contractor shall notify the COR immediately if the death of a horse

is suspicious" and "Any problems or concerns shall be reported to the COR within 24 hours." Coffey Decl., Exhibit 103. [filed herewith].

The email or letter from the TW Burton ranch to Lili Thomas is one such written communication responsive to Plaintiff's request.

5) Defendant's Search Process

Defendant reports that the search for responsive records was overseen by Sara Bohl. Witt Decl. ¶ 12. [Dkt 13-1]. She searched for paper and electronic files of both Ms. Thomas and Ms. Wade. Witt Decl. ¶¶ 12, 14. [Dkt 13-1].

Defendant searched the "electronic files" of Ms. Thomas and the terms used included long term holding contracts and other terms detailed in Mr. Witt's Declaration. Witt Decl. ¶ 12 [Dkt 13-1]. However there was no search of the BLM's email system of emails sent by Ms. Thomas. There was a search of the LTHCs by location. But there was no search of the emails sent from the LTHC's to Ms. Thomas. Those email addresses are available to the BLM, as evidenced by the email from Danny Lavergne (BLM Contracting Officer) to Long Term and Short Term Contractors, Coffey Decl. Exhibit 104. Mr. Lavergne's email is sent to 27 specific email addresses. Coffey Decl. ¶ 26 [filed herewith]. This email from Mr. Lavergne "calls into question Ms. Wade's assertion that emails are not used by the defendant in communicating with the Long Term Contractors and further calling into question the adequacy of the search as none of the email addresses listed on page 368 (Exhibit 104) were searched." Coffey Decl. ¶ 26 [filed herewith].

B.

BLM HAS FAILED, AS A MATTER OF LAW, TO CONDUCT AN ADEQUATE SEARCH

As a matter of law, the burden is squarely on the government agency to demonstrate that

it has performed an adequate search for records responsive to the FOIA request. *See e.g. United States Dept. of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 755 (1989). "At the summary judgment stage, where the agency has the burden to show that it acted in accordance with the statute, the court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (citing *Kowalczyck v. Department of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996.)

Further, "to determine whether an agency has carried its burden, the district court may rely on agency … declarations … that demonstrate the adequacy of the search for responsive records." *Kleinert v. Bureau of Land Management* 132 F. Supp. 3d 79, (D.D.C. 2015) citing *Morley v. CIA*, 508 F.3d 1108, 1116 (D.C. Cir. 2007); *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). However in relying on those declarations or affidavits, "[s]pecificity is the defining requirement." *Kleinert*.

In addition, as a component of the agency's adequacy of search requirements, in responding to a FOIA request, the agency also has a duty to follow-up on any known leads for additional responsive records for this FOIA request. See e.g. Center for National Security Studies v. Department of Justice; 215 F.Supp. 2d 94, 110 (D.D.C.. 2002); DiBacco v. U.S. Army, 795 F.3d 178, 188 (D.C. Cir. 2015). *Shapiro v. Dep't of Justice* (Civil Action No. 16-cv-592 (JEB), 2016 WL 5922295, at *3 (D.D.C. Oct. 11, 2016)

BLM did not search emails from Ms. Thomas to the Long Term Contractors nor did they search email to Ms. Thomas from the Long Term Contractors. Defendant has clearly failed to even come close to meeting its required burden to show adequacy of search or in describing its

search actions responding to Plaintiff's April 29, 2015 FOIA request.

The only search terms that the Defendant used in conducting the search were generic terms such as "long term holding contract, contractor, contractors, contract, Contracting Officer's Representative, COR, and the locations of the 24 WHBO long-term hold facilities listed. Witt Decl. ¶¶ 6, 12, 13, 14 [Dkt 13-1]  Defendant offers no description of any additional search terms used in processing the Plaintiff request.  These additional search terms were readily apparent as they could be found in records released to Plaintiff on April 6, 2016.  Witt Decl. ¶ 23 [Dkt 13-1]

Plaintiff objects to Defendant's failure to follow-up on these leads which indicated the existence of additional agency records responsive to Plaintiff's FOIA request.  In particular, the records provided to date clearly point to the need for the agency to undertake a search of the names of the holding facilities, the names of any managers or key personnel at these holding facilities as well as the email addresses of these key personnel all of which are located within the records provided to the Plaintiff by the Defendant.  Coffey Decl. ¶¶ 26, 27, 29, Exhibit 102, Exhibit 104 [filed herewith].

There is no indication that the agency complied with its FOIA search duty to undertake any search actions to follow-up these leads to find additional responsive records for this FOIA request.  See e.g. *DiBacco v. U.S. Army*, 795 F.3d 178, 188 (D.C. Cir. 2015) *Center for National Security Studies v. Department of Justice*; 215 F. Supp. 2d 94, 110 (D.D.C. 2002; *Kleinert v. Bureau of Land Management* 132 F. Supp. 3d 79, (D.D.C. 2015); *Shapiro v. Dep't of Justice* (Civil Action No. 16-cv-592 (JEB), 2016 WL 5922295, at *3 (D.D.C. Oct. 11, 2016));.

In addition of the failure to search additional terms, the BLM provides no meaningful

description of the agency's search process. Defendant does not describe with any specificity looking for communications in any database or any other locations other than electronic and paper files of Ms. Thomas and Ms. Wade. Witt Decl. ¶¶ 6, 12, 13, 14[Dkt 13-1]

The Defendant's search does not come even close to meeting their legal burden. Witt Decl. ¶¶ 11, 12, 13, 14, 15, 16, 17 [Dkt 13-1]  In fact, it is fair to say that BLM's declarant fails to provide any useful description whatsoever as to the agency's search methodology that the agency employed for responding to Plaintiff's FOIA request. It further does not provide any indication whatsoever as to the specific systems of records that were searched or the specific search procedures that were actually employed for the agency's search actions in this litigation. Witt Decl. ¶¶ 12, 13, 14, 15, 16, 17 [Dkt 13-1]

In sum, Defendant BLM has failed to meet its FOIA search duty, as a matter of law, by not providing this Court with a reasonably detailed declaration describing its search actions, by failing to demonstrate it has performed an adequate search reasonably calculated to locate all responsive records for this FOIA request, and by failing to undertake appropriate follow- up actions to locate additional responsive records that were identified by the agency's current limited search actions.

## VIII.

## CONCLUSION

For all of the reasons set forth above, Defendant BLM has failed, as a matter of law, to meet its legal and statutory burden as to the timeliness of their release of responsive records and the adequacy of search requirements. Further, Defendant BLM illegally retained processing fees and, because Plaintiff paid processing fees but Defendant provided no records in a timely fashion, Plaintiff urges this Court to order Defendant to refund these fees with interest.

Therefore, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for

Summary Judgment and deny Defendant's Motion for Summary Judgment.


Respectfully submitted this 5th day of December, 2016.


Daniel J. Stotter, (WI0015)
Stotter & Associates LLC
408 SW Monroe Ste. M210E
Corvallis, OR 97333
(541)738-2601
dstotter@qwestoffice.net
Attorney for Plaintiff

/s/ C. Peter Sorenson
C. Peter Sorenson (D.C. Bar Number 438089)
Sorenson Law Office
PO Box 10836
Eugene, Oregon 97440
petesorenson@gmail.com
541-606-9173
Lead Attorney for Plaintiff