IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEBBIE COFFEY,                                    )
                                                 )
                    Plaintiff,                   )
          v.                                     )    Civil Action No. 16-cv-00508-JEB
                                                 )
                                                 )
BUREAU OF LAND MANAGEMENT,                       )
                                                 )
                    Defendant.                   )
_____)

**PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS AND RESPONSE TO
DEFENDANT'S STATEMENT OF FACTS**

Pursuant to Local Rule 7(h), Plaintiff Debbie Coffey ("Plaintiff") hereby submits the

following statement of material facts as to which there is no genuine issue, and its response to

Defendant Bureau of Land Management's Statement of Undisputed Facts Not in Dispute [Dkt

13-2].

1. Plaintiff does not dispute, and hereby expressly adopts, and each of the statements of

fact set forth in Defendant's Statement of Undisputed Facts Not in Dispute [Dkt 13-2] pursuant to

Local Rule 7 (b), except as to the specific objections which are expressly set forth below.

2. Plaintiff disputes Defendant's factual claim in Paragraph 1 of its Statement of Facts,

asserting that "Plaintiff forwarded a FOIA request on April 29, 2015, to Bureau of Land

Management ("BLM") seeking the following information in connection with the BLM's Wild

Horse & Burro Program:

    a)  All segregable portions of all e-mails, faxes, letters, and notes from telephone

calls FROM Lili Thomas (who was the Contracting Officer's Representative, COR, listed

on the long term holding contracts as being in charge of the BLM Long Term holding

facilities) TO the long term holding contractors and managers/key personnel, AND all segregable portions of all e-mails, faxes, and letters FROM the long term holding contractors and managers/key personnel TO Lili Thomas (excluding invoices, since I have requested those records in a previous FOIA request).  I request these records from the dates Jan. 1, 2007 up until the date Lili Thomas retired (about Jan. 2015).

b)  All segregable portions of all e-mails, faxes, letters and notes from telephone calls FROM Beatrice A. (Bea) Wade TO long term holding contractors and managers/key personnel, AND all segregable portions of all emails, letters and faxes TO Beatrice A. (Bea) Wade FROM long term holding contractors and managers/key personnel. (Again, excluding invoices.)   I request these records from the dates of Jan. 1, 2007 up until the date the records are gathered to be sent to me. Declaration of Ryan Witt (hereafter Witt Decl.) ¶ ¶ 5,6 [Dkt 13-2]

Plaintiff disputes this material fact for (it is not the entire request) all of the reasons which are set forth in Declaration of Debbie Coffey.  Declaration of Debbie Coffey (hereafter Coffey Decl.) ¶ 10, Exhibit 101 (filed herewith).

3.   Plaintiff disputes Defendant's claim as to the legal conclusions set forth in Paragraph 3 of its Statement of Facts, asserting that "BLM conducted a search for records in all locations likely to have responsive records" [Dkt 13-2] for all of the reasons which are set forth in Plaintiff's Memorandum in Support of Plaintiff's Motion for Summary Judgement and in Opposition to Defendant's Motion for Summary Judgement (hereafter Plaintiff's Memorandum) (filed herewith), challenging the adequacy of Defendant BLM's search

4.   Plaintiff also disputes Defendant's claim as to the legal conclusions set forth in Paragraph 4 of its Statement of Facts, asserting that "by letter dated April 6, 2016, the BLM

responded to Plaintiff's FOIA request and indicating that it had located 514 pages of responsive records" [Dkt 13-2] for all the reasons set forth in Plaintiff's Memorandum (filed herewith), challenging the adequacy of Defendant BLM's search.

5.    Plaintiff also disputes Defendant's claim as to the legal conclusions set forth in Paragraph 7 of its Statement of Facts, asserting that "all responsive documents were released in full" [Dkt 13-2] for the reasons set forth in Plaintiff's Memorandum (filed herewith), challenging the adequacy of Defendant BLM's search.

6.    In addition to those material facts set forth by Defendant BLM in their Statement of Facts As To Which There Is No Genuine Dispute [Dkt 13-2], Plaintiff would add the following additional material fact as to the parties' pending cross motions for summary judgment: There is a significant public interest in the disclosure of the responsive records withheld by Defendant BLM. See Dec. Debbie Coffey.  ¶ 13 (filed herewith).

7.    In addition to those material facts set forth by Defendant BLM in their Statement of Facts As To Which There Is No Genuine Dispute [Dkt 13-2], Plaintiff would add the following additional material fact as to the parties pending cross motions for summary judgment: Plaintiff paid processing fees of $1,680.00 on June 1, 2015 and Plaintiff made a demand for repayment of the money and that no refund of these processing fees has occurred while interest is continuing accruing. Coffey Decl.  ¶ 15, 16, 21, 22 (filed herewith).

Respectfully submitted this 5th day of December, 2016.

Daniel J. Stotter (WI0015)
Stotter & Associates LLC
408 SW Monroe Ste. M210E
Corvallis, OR 97333
(541) 738-2601
dstotter@qwestoffice.net
Attorney for Plaintiff

<u>/s/ C. Peter Sorenson</u>
C.Peter Sorenson (D.C. Bar Number 438089)
Sorenson Law Office
PO Box 10836
Eugene, Oregon 97440
petesorenson@gmail.com
(541) 606-9173
Lead Attorney for Plaintiff