**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|
DEBBIE COFFEY,                              |
                                           |
                    PLAINTIFF,             |
        v.                                 |        CIVIL ACTION NO.: 16-508 (JEB)
                                           |
BUREAU OF LAND MANAGEMENT,                 |
                                           |
                    DEFENDANT.             |
                                           |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
**MOTION FOR ATTORNEY'S FEES AND COSTS**

# TABLE OF CONTENTS

FACTUAL AND PROCEDURAL BACKGROUND ................................................................. 3

I.      FOIA Request and Facts leading up to summary judgment briefing ................................ 3

II.     Parties' Cross-Motions for Summary Judgment and the Court's Decision ..................... 4

III.    Events Occuring After The Court's 4/20/17 Order ........................................................... 6

ARGUMENT ................................................................................................................................... 6

I.      Legal Standards .................................................................................................................. 6

        A.      FOIA's Fee-Shifting Provisions ............................................................................. 6

        B.      Parameters for Awarding Attorney's Fees ............................................................. 7

II.     Plaintiff's Claim for Fees Is Not Calculated Using the Proper Hourly Rate ................... 8

        A.      Parameters for Determining Whether an Attorney's Requested Hourly Fee Is
                Reasonable ............................................................................................................... 8

        B.      Plaintiff Has Not Established That She Is Entitled To Full Laffey Rates .............. 8

III.    Plaintiff's Fee Request Should Be Denied In Full Due to Incomplete and inaccurate
        Time Entries, Excessive Hours Billed, Evidence That Time was Not kept
        Contemporaneously, And Other Billing Irregularities ..................................................... 10

        A.      Plaintiff's Time Records Are Insufficiently Detailed ........................................... 10

        B.      Plaintiff's Time Records Call into Doubt the Accuracy and Contemporaneous
                Nature of Time Records ........................................................................................ 11

        C.      Plaintiff Claims Fees for Unnecessary Tasks and Tasks Related to Issues on
                Which She Did Not Prevail .................................................................................... 14

        D.      Plaintiff Claims Excessive Time Spent on Simple Tasks ..................................... 15

        E.      Plaintiff Claims an Excessive Number of Hours for Completing Tasks
                Connected to Briefing This Matter and Not All of the Claimed Hours Are
                Compensable ........................................................................................................... 16

        F.      Plaintiff's Fees on Fees Calculation Also Reflects Excessive Time, Vague
                Entries, Inappropriate Billing, and Other Issues that Should Result in the
                Court Denying Fees ............................................................................................... 20

IV.     The Court Exercise Its Discretion to Deny A Fee Award in This Case .......................... 21

CONCLUSION ............................................................................................................................... 22

Defendant Bureau of Land Management ("BLM" or "Agency"), a component of the U.S. Department of Interior, by and through undersigned counsel, respectfully submits this opposition to Plaintiff Debbie Coffey's ("Plaintiff") Motion for Attorney's Fees and Costs ("Plaintiff's Motion" or "Pltfs Mtn"). Plaintiff brought suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking disclosure of records concerning communications between BLM officials and private citizens regarding the maintenance and care of horses and burros (*i.e.*, wild donkeys) being housed in long-term holding.

To be awarded attorneys' fees in a FOIA case, a plaintiff must show that it is eligible for fees, it is entitled to fees, and the fees sought are reasonable. For the purposes of deciding this motion, Defendant will not argue that Plaintiff is ineligible to receive fees nor will Defendant argue that Plaintiff is not entitled to fees.[1] Rather, Defendant will show that Plaintiff's fee request should be denied outright because the per hour fee claimed (full Laffey[2] rates) and the number of hours

---

[1]     Defendant's decision not to challenge Plaintiff's eligibility or entitlement to fees in this litigation is in no way intended to reflect – nor should it be interpreted as – a determination by Defendant that Plaintiff has met or will meet the legal requirements for eligibility or entitlement to attorney's fees in any other action whether currently pending or in the future.

[2]     In 2015, the U.S. Attorney's Office updated the methodology of the Laffey attorneys' fees matrix it publishes. See USAO Civil Division, https://www.justice.gov/usao-dc/civil-division (Last visited Mar. 23, 2018). In so doing, it renamed the matrix to be the "USAO Matrix." See Gatore v. U.S. Dep't of Homeland Sec., --- F. Supp. 3d ---, 2017 WL 6543813, at *6 n.5 (D.D.C. Dec. 21, 2017) (Walton, J.) (concluding that the USAO Laffey Matrix is more accurate than the Salazar LSI matrix). Herein, Defendant uses the phrase "Laffey rates" to mean those published by the U.S. Attorney's Office in the USAO Matrix and predecessor Laffey matrix.

claimed (188.1 hours in the merits litigation and 89.1 hours in fees-on-fees litigation) are unreasonable and excessive.[3]

More specifically, the Court should deny Plaintiff's fee request in full for the following reasons: (1) Plaintiff has not established that it is eligible for fees at the rate stated in the <u>Laffey</u> matrix; (2) Plaintiff's billing reports contain many entries that are insufficiently detailed and/or contain impermissible "block billing;" (3) Plaintiff's degree of overall success in this case does not warrant an award of all claimed attorney's fees; (4) Plaintiff's time records contain multiple entries that call into question the accuracy and contemporaneous nature of the billing; and (5) Plaintiff's billing statement reflects an excessive amount of time spent on summary judgment briefing and the completion of mundane tasks—like reading Minute Orders—that lawyers of their claimed experience should be able to complete in one-half or one-third of the time claimed.

The Court may, and in this case should, "deny in its entirety a request for an 'outrageously unreasonable' amount, lest claimants feel free to make 'unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked for in the first place.'" <u>Envtl. Def. Fund, Inc. v. Reilly</u>, 1 F.3d 1254, 1258 (D.C. Cir. 1993) (quoting <u>Brown v. Stackler</u>, 612 F.2d 1057, 1059 (7th Cir. 1980)).

---

[3]    Plaintiff's Motion for Attorneys' Fees and Costs in this straightforward FOIA case seeks a total amount of $115,289.33; this figure is comprised of:
- $82,132 for merits litigation
- $30,749.60 for fees on fees litigation, and
- $2,407.73 in total costs, including in $1,970.50 expert witness fees. <u>See</u> ECF 29 at p. 1 (Plaintiff's Motion).

## FACTUAL AND PROCEDURAL BACKGROUND

### I.    FOIA REQUEST AND FACTS LEADING UP TO SUMMARY JUDGMENT BRIEFING

On April 29, 2015, Plaintiff forwarded a FOIA request to BLM seeking documents containing the following information in connection with the BLM's Wild Horse & Burro Program:

1.   All segregable portions of all emails, faxes, letters, and notes from telephone calls FROM Lili Thomas (who was the Contracting Officer's Representative, COR, listed on the long term holding contracts as being in charge of the BLM Long Term holding facilities) TO the long term holding contractors and managers/key personnel, AND all segregable portions of all emails, faxes, and letters FROM the long term holding contractors and managers/key personnel TO Lili Thomas (excluding invoices, since I have requested those records in a previous FOIA request). I request these records from the dates January 1, 2007 up until the date Lili Thomas retired (about Jan. 2015).

[and]

2.   All segregable portions of all emails, faxes, letters, and notes from telephone calls FROM Beatrice A. (Bea) Wade TO long term holding contractors and managers/key personnel, AND all segregable portions of all emails, letters and faxes TO Beatrice A. (Bea) Wade FROM long term holding contractors and managers/key personnel. (Again, excluding invoices.)  I request these records from the dates of January 1, 2007 up until the date the records are gathered and sent to me.

In her request, Ms. Coffey made clear that she was seeking documents in connection with 24 long term holding facilities, and the communication were between the contractors and two specific BLM employees, and not inter-agency or intra-agency communications.  Id. at 1-2.  Ms. Coffey also requested a fee waiver.  Id. at ¶ 8.  In a letter dated May 26, 2015, BLM acknowledged receipt of the request, informed Ms. Coffey of the required standard for fee waivers and notified her that her request did not justify a fee waiver.  (Acknowledgment Letter).  Plaintiff sent BLM a check for the processing fees in June 1, 2015.  The parties engaged in correspondence related to the FOIA requests throughout 2015.

On March 17, 2016, Plaintiff filed her Complaint in this case. Plaintiff's Complaint alleged that BLM had failed to respond to her FOIA request. ECF 1 at ¶¶ 1-3. At the time that Plaintiff filed her District Court Complaint, BLM had already begun processing her FOIA request, as evidenced by the fact that BLM issued its response to the request on April 4, 2016, i.e., approximately 2.5 weeks after the Complaint was filed. ECF 29-7 (Plaintiff's Timeline of Events). With its response letter, BLM released 514 pages of material that, at the time, BLM believed to be responsive to its FOIA request. On May 2, 2016, Plaintiff filed an Amended Complaint [ECF 4], which contained the same allegations as the original complaint.

## II.     PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT AND THE COURT'S DECISION

On October 24, 2016, Defendant filed its Motion for Summary Judgment, which included a declaration by BLM detailing the Agency's search efforts and a detailed Vaughn index providing information regarding the 514 pages of materials released to Plaintiff. The Agency's declaration explained that, after determining that the only location likely to have responsive records would be the Wild Horse and Burro Office ("WHBO") and that the Agency searched the paper and electronic files of the two WHBO employees identified by Ms. Coffey in her FOIA request. The declaration also listed the keywords used in the search and the timeframe of the search conducted by the Agency.

On December 5, 2016, Plaintiff filed a 15-page memorandum of law that served as its combined Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment (collectively, "Plaintiff's MSJ"). In Plaintiff's MSJ, she argued that (1) the Agency should be required to return the $1,680 fees paid to BLM as processing fees for the FOIA request as well as interest on those fees; and (2) that BLM's search was inadequate for four reasons. See generally ECF 15. First, Plaintiff argued that BLM had not used all appropriate search terms.

Second, Plaintiff argued that the description of the search in the declaration of Ryann Witt was too vague.  Third, Plaintiff argued that the search failed to identify the database and software used to conduct the search.  Fourth, and finally, Plaintiff argued that Defendant failed to search for telephone records reflecting calls between BLM and long-term housing facilities.

On or about January 13, 2017, BLM refunded to Plaintiff the $1,680 she had paid for processing fees.  See ECF 29-7 (Plaintiff's Timeline of Events).  On January 27, 2017, Defendant filed its combined reply brief in support of its motion for summary judgment [ECF 19], and one month later (on February 27, 2018), Plaintiff filed her reply in support of her cross-motion for summary judgment.

On April 20, 2017, this Court issued an Order and Memorandum Opinion (collectively, "Court's 4/20/17 Order") that granted in part and denied in part both parties' motions for summary judgment.  ECF 22.  In its Order, the Court denied Plaintiff's demand for interest on the returned processing fees, finding that "an award of interest here would . . . violate the longstanding 'no-interest rule,' which 'bars recovery of interest against the government 'unless the award of interest [is] affirmatively and separately contemplated by Congress.'"  ECF 22 at pp. 8-9 (quoting Trout v. Sec'y of the Navy, 317 F.3d 286, 290 (D.C. Cir. 2003)).

With respect to Plaintiff's four arguments regarding adequacy of the search, the Court held that the only valid argument posed was Plaintiff was that the agency did not use all appropriate search terms because "using search terms based on the names and email addresses of the contractors[,] managers/key personnel at each facility, as well as the names of the facilities . . . seems eminently reasonable."  Id. at 15.  The Court explicitly rejected each of Plaintiff's other three arguments, noting that the arguments were either counter to the law regarding requirements for a declaration describing the search or that Plaintiff's complaints about the search suggested the

5

agency should have taken actions to search for materials that were clearly not within the scope of her FOIA request.

## III.    EVENTS OCCURING AFTER THE COURT'S 4/20/17 ORDER

On May 5, 2017, the Court issued a Minute Order instructing the BLM to conduct a new search, and release non-exempt responsive records and submit to Plaintiff a declaration describing the search conducted.  On July 26, 2017, after requesting and receiving an extension of the original deadline posed by the Court's 5/5/2017 Order, the BLM released a second set of documents to Plaintiff.  The release contained 211 pages of materials.[4]  Plaintiff ultimately determined that she no longer wanted to continue pursuing the requested records because she concluded that additional responsive documents may not actually exist.  See ECF 29-2 at p. 5.

## ARGUMENT

## I.    LEGAL STANDARDS

### A.    FOIA's Fee-Shifting Provisions

Pursuant to the FOIA's fee-shifting provision, a court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case...in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E). Under this provision, courts have employed a two-step inquiry to determine whether an award of attorneys' fees is proper. First, a court must determine whether the complainant has shown that he is "eligible" for an award by demonstrating that he has "substantially prevailed."  See Weisberg v. DOJ, 745 F.2d 1476, 1495 (D.C. Cir. 1984)(overruled on other grounds).  Second, and equally important, a court must determine whether the complainant has shown that he is "entitled" to an award.  See id.; Tax

---

[4] Due to a processing error, BLM released the same pages to Plaintiff again on September 28, 2017.

Analysts v. DOJ, 965 F.2d 1092, 1093 (D.C. Cir. 1992) (superseded by statute on other grounds); see also Judicial Watch v. Dep't of Commerce, 470 F.3d 363, 369 (D.C. Cir. 2006) ("Eligibility for fees does not necessarily mean that a party is entitled to attorney fees under FOIA"). Even if a court determines that a complainant is entitled to attorneys' fees, an award of attorneys' fees must be reasonable in light of the relief granted in the FOIA litigation, and reasonable in light of legal practice. See 5 U.S.C. § 552(a)(4)(E). Although, in instances in which fees are payable and counsel may typically be entitled to compensation for their efforts, "[i]t does not follow that the amount of time actually expended is the amount of time reasonably expended." Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc).

In addition, it is well-established that "the 'legislative history of section 552(a)(4)(E) evinces a clear congressional intent to leave the courts broad discretion when considering a request for attorney fees', such that there is no 'presumption in favor of awarding attorney['s] fees to prevailing FOIA litigants." Peter S. Herrick's Customs & Int'l Trade Newsletter (Herrick's) v. Customs & Border Protection, Civ. A. No. 04-0377 (JDB), 2006 WL 3060012, at *2 (D.D.C. Oct. 26, 2006) (quoting Nationwide Bldg. Maint., Inc. v. Sampson, 559 F.2d 704, 713-14 (D.C. Cir. 1977)); see also Hall & Assocs. v. EPA, 210 F. Supp. 3d 13, 19 (D.D.C. 2016) ("A court's award of attorney['s] fees is not automatic and there is no presumption in favor of awarding fees to litigants who ultimately receive documents." (internal citations omitted)).

**B.      Parameters for Awarding Attorney's Fees**

Attorney's fees can only be collected for work that leads directly to the disclosure of information and is not excessive, redundant, or otherwise unnecessary. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Plaintiff has the "burden of establishing the reasonableness of its fee request, and supporting documentation must be of sufficient detail and probative value to enable the Court to determine with a high degree of certainty that such hours were actually and reasonably

7

expended." <u>CREW v. U.S. Dep't of Justice</u>, 142 F. Supp. 2d 1, 9 (D.D.C. 2015).  When faced with the prospect of attorney's fees, this Circuit has held that courts have an "obligation to scrutinize" the hours claimed to ensure that there is no windfall.  <u>Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.</u>, 811 F. Supp. 2d 216, 237 (D.D.C. 2011) (<u>EPIC II</u>).

## II.    PLAINTIFF'S CLAIM FOR FEES IS NOT CALCULATED USING THE PROPER HOURLY RATE

### A.    <u>Parameters for Determining Whether an Attorney's Requested Hourly Fee Is Reasonable</u>

To calculate attorney's fees, a court will generally first look to objective criteria in determining reasonable compensation.  The widely accepted standard is to use the "lodestar"—the number of hours reasonably expended multiplied by a reasonable hourly fee.  <u>Bd. of Trs. of Hotel & Rest. Emps. Local 25 v. JPR, Inc.</u> 136 F. 3d. 794, 801 (D.C. Cir. 1998).  A reasonable hourly fee is determined by the market rate in the relevant community.  <u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1984).  To make such a determination, a court can look at: 1) the attorney's billing practices; 2) the attorney's skill, experience, and reputation; and 3) the prevailing market rate in the relevant community.  <u>Salazar v. District of Columbia</u>, 809 F. 3d 58, 62 (D.C. Cir. 2015).  Congress intended for such a rate to attract a competent counsel for public interest claims, yet still avoid producing a "windfall" for attorneys by awarding fees in excess of the rate a qualified counsel would be willing to represent a client.  <u>Laffey v. Nw. Airlines</u>, 746 F.2d 4, 16 (D.C. Cir. 1984).

### B.    <u>Plaintiff Has Not Established That She Is Entitled To Full Laffey Rates</u>

Plaintiff asserts that she is entitled to have all fees—including fees in merits litigation and fees-on-fees litigation—paid at the full <u>Laffey</u> rates; however, an award of full <u>Laffey</u> rates is not appropriate in this case for two reasons.  First, Plaintiff has not provided any evidence of counsel's normal per hour billing rate nor has counsel provided evidence that they charged Plaintiff a reduced-rate for public-spirited or non-economic reasons.  <u>See</u> <u>Covington v. District of Columbia</u>,

57 F.3d 1101, 1107 (D.C. Cir. 1995).  "[T]he burden is on the fee applicant to show that the attorney's billing practices are of the sort [that the attorney charged a reduced rate for non-economic reasons but is entitled to fee payment at full market rate]."  Id.  If Plaintiff's normal market rate is less than the maximums listed in the Laffey matrix, then Plaintiff cannot possibly be entitled to full Laffey rates.  "[T]he law was not written to subsidize attorneys who charge below-market rates because they cannot command anything more."  Id.

The second reason Plaintiff does not qualify for full Laffey rates is because the nature of the worked performed in this case does not warrant such a fee.  The Laffey matrix's rates are the presumptive maximum rates that were created for "complex federal litigation in the District of Columbia."  Eley v. District of Columbia, 793 F. 3d 97, 103 (D.C. Cir. 2015) (quoting McClam v. District of Columbia, 808 F. Supp. 2d 184, 188 (D.D.C. 2011)); see Laborers' Int'l Union of N. Am. v. Brand Energy Servs., 746 F. Supp. 2d 121, 125 (D.D.C. 2010) (stating that Laffey rates are representative of the rate litigators who practice complex federal litigation in the D.C. area charge).  Laffey rates are inappropriate where, as in this case, there are very simple facts, little evidence, and no novel or complicated questions of law.  See Rooths v. District of Columbia, No. 09-cv-0492, 2011 WL 3529292, at *6 (D.D.C. Aug. 9, 2011); Muldrow v. Re-Direct, Inc., 397 F. Supp. 2d 1, 4-5 (D.D.C. 2005) (court reduced the fee award based on Laffey rates by 25% to ensure that the award is "reasonable" for this type of litigation); see also Wilson v. District of Columbia, 777 F. Supp. 2d 123, 127 (D.D.C. 2011).  Here, Plaintiff has made no showing of why she should be granted the maximum per hour rate in this straightforward FOIA case where the primary issue was the adequacy of the search.

Moreover, because "[f]ee litigation is not complex federal litigation and does not necessarily entail specialized expertise and experience," Plaintiff is also not entitled to full Laffey

rates for tasks performed in connection with fees-on-fees litigation.  See Smith v. District of Columbia, No. 02–cv–0373, 2005 WL 914773, at *3 (D.D.C. Apr. 18, 2005).  "Courts in this district have repeatedly found that in cases such as these, which involve uncomplicated claims for attorney's fees . . . , an award of 50% of the applicable Laffey rate is appropriate."  Briggs v. District of Columbia, 102 F. Supp. 3d 164, 170 (D.D.C. 2015) (finding that counsel in Individuals with Disabilities Education Act ("IDEA") case was only entitled to reduced rate for time billed in fees-on-fees litigation).

## III. PLAINTIFF'S FEE REQUEST SHOULD BE DENIED IN FULL DUE TO INCOMPLETE AND INACCURATE TIME ENTRIES, EXCESSIVE HOURS BILLED, EVIDENCE THAT TIME WAS NOT KEPT CONTEMPORANEOUSLY, AND OTHER BILLING IRREGULARITIES

Plaintiff claims fees for 188.1 hours of work; however, this figure drastically overstates the time that it was necessary and appropriate to spend on tasks that contributed to disclosure of the information in this FOIA case.

### A. Plaintiff's Time Records Are Insufficiently Detailed

Plaintiff neglects to document in sufficient detail the work conducted in the present action.  "Where an attorney's work is inadequately documented, the D.C. Circuit has routinely reduced the amount claimed by a percentage."  Queen Anne's Conservation Ass'n v. U.S. Dep't of State, 800 F. Supp. 2d 195, 199 (D.D.C. 2011).  The evidence Plaintiff provides of work product is a chart, which generally lists the hours performed by each individual, along with a corresponding fee.  See ECF 29-8, 29-9.  Several of the time records presented, however, lump together multiple tasks, which this Circuit has held makes it impossible to evaluate their reasonableness.  Role Models, 353 F.3d at 971.  For example:

- On 6/3/2016, the work product entry is for "Review Defendants Answer & email AUSA Whitaker re: filing Amended Complaint" for 0.2 hours. ECF 29-8 at p. 4, line 4.

- On 9/29/2016, the entry states "Listen to message from AUSA Whitaker and email to AUSA Whitaker" for 0.2 hours. Id. at p. 5, line 5.

- On 8/13/2017, the entry is for "Revise settlement offer; confer with client and send settlement offer to AUSA Whitaker" for 0.6 hours. Id. at p. 14, line 7.

The entries above represent the type of block billing that is disfavored in this Circuit because of the difficulty it creates in judging the reasonableness of the activity. E.g., Role Models, 353 F.3d at 973 (fifty-percent reduction in fees for inadequate documentation, including block billing); Williams v. Johnson, 174 F.Supp.3d 336, 349 (D.D.C. 2016) (compensation denied for entries with block billing); Cobell v. Norton, 407 F. Supp. 2d 140, 166 (D.D.C. 2005) (twenty-percent reduction in fees for inadequate documentation, including block billing). Consequently, the Court should not permit recovery for these improperly grouped tasks.

### B.    Plaintiff's Time Records Call into Doubt the Accuracy and Contemporaneous Nature of Time Records

"Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." Nat'l Ass'n of Concerned Veterans v. Sec'y of Def., 675 F.2d 1319, 1327 (D.C. Cir. 1982); In re Donovan, 877 F.2d 982, 994 (D.C. Cir. 1989) ("[T]his court will require that fee applications include contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work with supporting documents, if any."). Here, Plaintiff's records contain multiple entries that call into question the accuracy and contemporaneous nature

of the timekeeping because the records contain entries reflecting continued billing for work product related to a task days *after* the task was already completed.  For example:

- On 5/3/2016 and 5/6/2016, there are a total of three work product entries that refer to contacting "AUSA Whitaker" regarding Plaintiff's response to an "extension request" for a total of 0.6 hours, yet the extension request referred to in these entries was filed on 5/2/2016. Compare ECF 29-8 at p. 3, lines 8-10 (time records) with ECF 5 (Defendant's Consent Motion for Extension).

- On 10/28/2016, the work product entry states "T[elephone] C[all] w/ AUSA Whitaker x 2 re: Def's MET & modification of briefing schedule" for 0.2 hours, but the parties' Joint Motion to extend the briefing schedule had been filed *two weeks* prior (on 10/14/2016) and the dispositive motion that is the subject of the briefing schedule had been filed four days prior to the billing entry (on 10/24/2016). Compare ECF 29-8 at p. 5, line 13 (time records) with ECF 12, dated 10/14/2016 (Joint Motion to Extend) and ECF 13, dated 10/24/2016 (Defendant's Motion for Summary Judgment).)

- On 11/8/2017, there is an entry for "Compile, edit, and organize time for settlement purposes" for 1.1 hours.  ECF 29 at p. 18, line 4.

- On 11/16/2016, an entry with an "activity description" of "Review Newly Released Documents" has a work product description that states "Review[ed] documents submitted by government" for 0.9 hours; however, there was no document production within six months before or after this entry.  As reflected in Plaintiff's timeline (at ECF 29-7), BLM only released FOIA documents to Plaintiff on April

6, 2016, and July 26, 2017.  <u>Compare</u> ECF 29-8, line 8 (time records) with ECF 29-7 (Plaintiff's Exhibit containing Timeline of Events).

- On 2/20/2017, the work product entry states "work on Decl[aration] of C. Peter Sorenson" for 1.7 hours; however, the Sorenson declaration had been filed with Plaintiff's reply brief three days <u>before</u> this time entry.  <u>Compare</u> ECF 29-8 at p. 12, line 10 (time records) with ECF 12, dated 2/17/2017 (Plaintiff's Reply Brief).

These time record entries spark a serious concern regarding the accuracy of the records and whether the time records are really comprised of the kind of "[c]asual after-the-fact estimates of time expended on a case [that] are insufficient to support an award of attorneys' fees." <u>See</u> <u>Nat'l Ass'n of Concerned Veterans</u>, 675 F.2d at 1327.

Similarly, the time records related to Plaintiff's settlement attempts and fees-on-fees time litigation call into question whether the time records were contemporaneously created.  The entries reflect that Plaintiff spent far more time and effort editing records than one would expect to be necessary if the time had been accurately and contemporaneously tracked using a reliable timekeeping system, as required by the Courts in this Circuit.  For example:

- On 11/4/2017, the work product entry states "Compile and organize time entries for settlement purposes" for 3.0 hours (adjusted down to 0 hours).  ECF 29-8 at p. 18, line 1.

- On 1/4/2018, the work product entry states "Draft, Edit, and Revise Attorney Work Product Time Records" for 2.3 hours (adjusted down to 1.0 hours).  ECF 29-9 at p. 2, line 22.

- 01/6/2018, the billing entry states "Implement Mr. Kenna's Comments into Attorney Time Records" for 0.8 (adjusted down to 0 hours).[5] Id. at p. 2, line 25.

- On 1/6/2018, the work product entry reads "Draft time attorney time records after 11/30/2017 to present" for 1.3 hours.  Id. at p. 2, line 31.

- On 1/12/2018, the work product entry reads, "Compose time records re: Post 11/30 to Present" for 0.7 hours.  Id. at p. 4, line 5.

Plaintiff's entries for activities in the above-listed entries are not only indicative of a potentially bigger problem regarding time-keeping but they are also non-compensable.  Case law prohibits a party from recovering fees for tasks relating to counsel's "ongoing duty throughout the litigation to maintain an accurate record of its time." EPIC I, 218 F. Supp. 3d at 52.  "Basic timekeeping" activities, such as "review billing records," are not reasonably chargeable as fees, id; and, thus, all timekeeping-related entries should be eliminated from Plaintiff's fee claim.

**C.    Plaintiff Claims Fees for Unnecessary Tasks and Tasks Related to Issues on Which She Did Not Prevail**

Plaintiff also claims expenses for activities conducted that do not contribute toward the disclosure of the requested information.  Breaking down the time and expenses incurred, Plaintiff claims fees for 11.9 hours of work toward "settlement," amounting to $6,542.10.  See **Defendant's Exhibit 2** (chart reflecting hours spent on settlement and reply brief).  As there was no settlement in this case and the settlement work conducted was primarily unilateral action taken on behalf of Plaintiff (often spending the time without even consulting Defendant regarding whether it would consider another settlement proposal), Plaintiff cannot be said to have "substantially prevailed" in that regard or to have limited time billed to necessary tasks.  "Fees are not recoverable for

---

[5]    Mr. Kenna refers to the "expert" witness Plaintiff hired for fees on fees litigation.

nonproductive time nor, at least in the context of Title VII and FOIA, for time expended on issues on which plaintiff did not ultimately prevail." Nat'l Ass'n of Concerned Veterans, 675 F.2d at 1327. Consequently, Plaintiff should have excluded these activities from her claim, id at 1327-28, and the Court should not compensate her for them.

>    D.    **Plaintiff Claims Excessive Time Spent on Simple Tasks**

Plaintiff's time records reflect excessive amounts of time spent on tasks that should take a senior attorney little to no time.  For example:

- On 6/6/2016, Attorney Sorenson billed 18 minutes (0.3 hours) for the review of a one-sentence Minute Order that simply stated: "The Court ORDERS that the parties shall meet, confer, and submit a briefing schedule to the Court by June 20, 2016." ECF 29-8 at 4, line 7 (time record).

- On 9/7/2016, Mr. Sorensen billed 12 minutes (0.2 hours) for the review of another one-sentence Minute Order; this one simply stated: "If Plaintiff opposes Defendant's [10] Motion [for Extension of Time], the Court ORDERS that she shall file an opposition by September 9, 2016, explaining her position." Id. at 5.

- Plaintiff's counsel also regularly billed excessive amounts of time for preparing briefing schedules, see e.g., ECF 29-8 at pp. 4, line 4 – p. 5, line 2 (time records reflecting 1.2 hours related to setting a briefing schedule); these claims for fees for the perfunctory drafting and filing of a briefing schedule should be significantly reduced as well.  Cf. EPIC v. Dep't of Homeland Sec., 197 F. Supp. 3d 290, 296 (D.D.C. 2016) (noting that, for a scheduling order, the work of one attorney "might warrant a quick (and unbilled) calendar entry").

- On 5/2/2016, Plaintiff filed an Amended Complaint; this was a completely unnecessary filing and the time claimed for "drafting" the Amended Complaint is exorbitant. Plaintiff claims 1.5 hours of drafting and editing time for the Amended Complaint; however, the only substantive differences between the original Complaint and the Amended Complaint is that Plaintiff added <u>one</u> new paragraph consisting of quoted language from § 552(a)(4)(A)(viii) of the FOIA statute and Plaintiff added a citation to this section of the FOIA to two paragraphs.[6] There are no new factual allegations or claims added to the Complaint.

Clearly, Plaintiff's time records reflect that counsel has repeatedly overbilled for tasks and repeatedly performed unnecessary tasks for which they now submit a fee claim.

### E.    Plaintiff Claims an Excessive Number of Hours for Completing Tasks Connected to Briefing This Matter and Not All of the Claimed Hours Are Compensable

Of the 188.1 hours Plaintiff asserts were spent on this matter, over one-third of the hours (*i.e.*, 70.4 hours) involved preparation of Plaintiff's cross motion for summary judgment and opposition; this time amounts to a grossly unreasonable and excessive number of hours.[7]  <u>See</u> <u>Cf.</u>

---

[6] The paragraph added to the Amended Complaint states:

"FOIA 5 U.S.C. § 552(a)(4)(A)(viii) states 'An agency shall not assess search fees (or in the case of a requester described under clause (ii)(II), duplication fees) under this subparagraph if the agency fails to comply with any time limit under paragraph (6), if no unusual or exceptional circumstances (as those terms are defined for purposes of paragraphs (6)(B) and (C), respectively) apply to the processing of the request'."

ECF 4, ¶ 9.  Notably, Plaintiff's original Complaint had already included factual allegations related to payment of the FOIA processing fee and it had already included as part of the requested relief that BLM be forced to return the processing fee.  <u>See</u> ECF 1, ¶¶ 14-16, Prayer for Relief ¶ 3.

[7]    Attached as **Defendant's Exhibit 1** is a chart reflecting only the hours charged for summary judgment related-tasks.  The 70.4 hours related to summary judgment briefing are comprised of 49.7 hours drafting the motion and conferring about the motion; 10.3 hours preparing the declaration of Ms. Debbie Coffey; 6.1 hours reviewing documents produced in response to the FOIA request; and 4.3 hours reviewing Defendant's motion for summary judgment.

Barber v. Am. Sec. Bank, Civ. A. No. 86-1156, 1989 WL 7339, *8 (D.D.C. Jan. 18, 1989) (As a yardstick, this Court previously found that 20 hours was sufficient for preparation of a motion for summary judgment and 15 hours were sufficient for drafting a reply.).  In Plaintiff's Motion, she admits that "[a] substantial percentage of the hours expended on this matter went toward the Summary Judgment Motion" and she then claims that "[t]he hours expended by Plaintiff's counsel were reasonable because Defendant filed a potentially dispositive Motion seeking to end Plaintiff's efforts to seek responsive records."  ECF 29-2 at p. 19.  This argument has no merit.  If the filing of a dispositive motion by the opposing party were all that was required to justify excessive billing by a party, then much of the FOIA-related attorney's fees jurisprudence regarding reasonableness would not exist because the overwhelming majority of FOIA cases involve the filing of a dispositive motion.

Plaintiff's argument for summary judgment motion-related fees also fails to establish reasonableness of the fees claimed because, even though Plaintiff asserts that she is not seeking fees for issues on which she was not successful, that assertion is undercut by an examination of the other major arguments she asserts in her fee's motion.  Specifically, in Plaintiff's motion mischaracterizes the extent to which her dispositive motion was successful when she states that the hours spent on that motion "resulted in the Court approving, in substantial part, Plaintiff's motion for summary judgment."  ECF 29-2 at p. 19.  In reality, the Court's 4/20/2017 Summary Judgment Order rejected four of the five arguments that Plaintiff made in her dispositive motion.  See generally ECF 22. The Court's decision denied Plaintiff's claim for interest on the FOIA fees that BLM had charged and subsequently refunded to her.  ECF 22 at p. 9-10.  Then, when the Court examined Plaintiff's four arguments regarding the adequacy of the search, it found that "[o]nly one of the[] objections hits the mark."  ECF 22 at p. 13.  With respect to Plaintiff's other

three arguments, the Court noted that one of the arguments was "incongruous" with searching for the "discrete set of written communications" that Plaintiff asked for in her FOIA request (id. at 18); that another argument was inconsistent with the law (id. at 19); and that the third argument was based on the agency not conducting a search for records that were clearly outside the scope of Plaintiff's FOIA request (id. at 20).

Second, Plaintiff's request for fees in connection with the briefing is unreasonable for the sheer number of hours spent on certain tasks and the inappropriate nature of several of the time record entries. For example:

- Included in the 70.4 hours billed in connection with the summary judgment brief are a total of 6.1 hours (amounting to $2,772.20) spent by two attorneys reviewing the 514 pages of records produced by the BLM in April 2016. See ECF 29-8 at p. 8, lines 10, 12 (time records). This was a wholly unnecessary task because Defendant had already conceded that the 514 pages of produced materials contained less than ten pages that were responsive to the FOIA request. See ECF 13-1 at ¶¶ 17-20, 22 (R. Witt Declaration in support of Defendant's Motion for Summary Judgment).[8]

- On 11/15/2016, Plaintiff billed three 1.5-hour blocks of time on the same day; each is vaguely described as involving "tasks" for Plaintiff's Motion for Summary Judgment."[9] See ECF 29-8 at p. lines 2, 5, 6 (time records).

---

[8]    The large number of non-responsive materials included in the collection was a result of multiple processing errors, including BLM's failure to exclude intra-agency communications from the production before producing materials to Plaintiff.

[9]    More specifically, Plaintiff's counsel Pete Sorenson billed for 1.5 hours for drafting "correspondence" to attorney Lance Quaranto regarding "tasks for P's MO SJ" and later the same day both Mr. Sorensen and Mr. Quaranto both billed an additional 1.5 hours each in a meeting

- Of the 70.1 hours spent on the motion, 13.2 hours (amounting to $7,171.20) relate to preparation or revising of Plaintiff's 3-page Statement of Undisputed Facts, which contains only seven paragraphs and begins by stating that Plaintiff "does not dispute, . . . and expressly adopts" virtually all the facts set forth in Defendant's Statement of Undisputed Facts. See ECF 15-2 (Plf's Summary Judgment Motion).

Notably, the billing for Plaintiff's motion also seems incongruous to what should actually have been required in this straightforward case where the primary issue was adequacy of the search, and there was no briefing related to application of exemptions or adequacy of a Vaughn index. Moreover, less than three weeks prior to filing the Motion for Summary Judgment in this case, Plaintiffs had filed a motion for summary judgment in another FOIA case involving the same parties. See Coffey v. BLM, Civ. A. No. 16-0564 (JEB) (D.D.C.). In that case, Plaintiff also challenged the adequacy of the search. Given the similarities between the two cases—and Plaintiff's repeated representations that counsel are highly-experienced FOIA attorneys—it is difficult to fathom that drafting the 15-page brief in this matter could reasonably take the amount of time that Plaintiff claims in her fee petition.

Similarly, Plaintiff's time records reflect that she also spent an excessive amount of time on the reply brief in support of her motion for summary judgment. Even if one excludes the time spent drafting declarations in support of the reply, reviewing Defendant's opposition brief, and having telephone calls related to the reply brief, Plaintiff still claims 47.4 hours (amounting to $24,058) for drafting her 12-page reply brief that, for the most part, simply summarized the arguments made in her opening brief. See ECF 29-8 at 10-12 (time records). Also notable is that Plaintiff's reply brief spends 1.5 pages arguing that Plaintiff is entitled to receive interest on the

_____

whose subject is described as "tasks for December 5, 2016 Motion for Summary Judgment."

$1,680 in processing fees that she was refunded by BLM in January 2017.  See ECF 20-1 at p. 10-11 (Plaintiff's reply brief).  Plaintiff's overall fees claim should be reduced for time spent arguing this issue because, not only was Plaintiff unsuccessful, but the total amount in interest that Plaintiff could have won if she succeeded was only **$6.81**.  See ECF 20-4 (Decl. of P. Sorensen (filed in support of reply brief)) at ¶ 5.  There is no reasonable explanation for spending time briefing this issue and addressing it in a declaration when the value of the claim is clearly de minimis.

F.    **Plaintiff's Fees on Fees Calculation Reflects Excessive Time, Vague Entries, Inappropriate Billing, and Other Issues that Should Result in the Court Denying Fees**

Remarkably, the number of hours that Plaintiff's fee motion claims for fees on fees litigation is nearly one-third of the total number of overall hours requested:

- Number of Hours For Merits Litigation = 188.1 (amounting to $82,132)

- Number of Hours for Fees on Fees Litigation = 79.7 (amounting to $30,749.60)[10]

- Percentage of hours in fee on fees litigation = 29.75%

Here, the "fees on fees" award request consists of more hours than – and almost as much in fees as – Plaintiff's counsel claimed for preparation of summary judgment motion, which was 70.4 hours and approximately $32,033.40.  Where an unreasonable amount of time is spent preparing a motion for attorneys' fees, the Court has reduced fees claims, stating that fees "created the appearance of the attorneys' fees tail wagging the FOIA dog."  Elec. Frontier Found. v. DHS, 2014 WL 6469122, *6 (D.D.C. Nov. 11, 2014); see Barber v. Am. Sec. Bank, 1989 WL 7339, *8 (D.D.C. Jan. 18, 1989) (court reduced as unreasonable time spent connected with attorney's fees

---

[10] The amount of 79.7 hours represents the total amount that Plaintiff's Motion states that Plaintiff expended in time related to fees on fees (89.9 hours) minus the "adjustments" Plaintiff made to reduce time claimed in twelve time entries.

motion, including oral argument, from 25 to 15 hours).  As stated by the Supreme Court, "a request for attorney's fees should not result in a second major litigation."  <u>Hensley</u>, 461 U.S. at 437.

Additionally, Plaintiff should not be entitled to recover costs related to an expert witness (Matt Kenna) hired solely for the fees on fees litigation, and Plaintiff should likewise not be compensated for any time spent working with Mr. Kenna.  There is no reason for employment of an expert in a FOIA fees litigation of this type.  Moreover, the expert declaration provided by Mr. Kenna fails to meet the minimum requirements for an expert's report as set forth Federal Rule of Civil Procedure 26(a)(2)(B), and therefore should be rejected.

## IV.    THE COURT EXERCISE ITS DISCRETION TO DENY A FEE AWARD IN THIS CASE

The excessiveness of Plaintiff's request for attorney's fees in this case is magnified when viewed in the context of other amounts received by Plaintiff's counsel for litigating FOIA cases in this Court:

- <u>Cornucopia Inst. v. U.S. Dep't of Agric.</u>, Civ. A. No. 16-0106 (BAH) - $7,000;
- <u>Cornucopia Inst. v.  U.S. Dep't of Agric.</u>, Civ. A. No. 16-0667 (CRC) - $8,729.53;
- <u>Cornucopia Institute v. Agric. Marketing Serv.</u>, Civ. A. No. 16-0692 - $7,476.64;
- <u>Rollins v. U.S. Dep't of State</u>, Civ. A. No. 13-1450 (JEB) - $2,500;
- <u>Quick v. U.S. Dep't of Commerce</u>, Civ. A. No. 09-2064 (CKK) - $3,000;
- <u>Ritchey v. Nat'l Inst. of Standards & Tech.</u>, Civ. A. No. 09-2063 (FJS) - $3,000;
- <u>Conway v. U.S. Dep't for Int'l Dev.</u>, Civ. A. No. 14-1792 (TSC) - $7,300;
- <u>Miller v. Transp. Sec. Admin.</u>, Civ. A. No. 14-0265 (KBJ) - $2,500;
- <u>Johnson v. U.S. Air Force,</u> Civ. A. No. 14-1846 (RJL) - $2,921.28;
- <u>Joseph v. U.S. Dep't of State</u>, Civ. A. No. 14-1896 (RJL) - $4,786.54.

These are all FOIA cases litigated by Plaintiff's attorneys and they represent a more realistic

approximation of the actual costs of litigation.[11]  In the instant case, if the Court were to award over $115,000 to Plaintiff for fees and "fees on fees," Plaintiff's attorneys would obtain a windfall for work on a simple FOIA case in which Plaintiff ultimately abandoned the FOIA request — recognizing there were likely no responsive documents — not long after the Court ruled in her favor on summary judgment.  See ECF 29-2 at p. 5 (noting that, after receiving the second production of materials, "Plaintiff concluded that . . . additional emails may not exist" (citing Second Suppl. Decl. of Coffey ¶ 9, Plf's Exh. 101)).

Plaintiff's bill for attorneys' fees has so many deficient, inaccurate, unnecessary, and excessively large time entries that it cannot serve as a reliable basis for her claim for fees.  BLM therefore asks the Court to exercise its discretion and "deny in its entirety [this] request for an 'outrageously unreasonable' amount, lest claimants feel free to make 'unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked for in the first place.'"  Envtl. Def. Fund, Inc. v. Reilly, 1 F.3d 1254, 1258 (D.C. Cir. 1993) (quoting Brown v. Stackler, 612 F.2d 1057, 1059 (7th Cir. 1980)).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees should be denied or, in the alternative, any fees awarded should be substantially reduced to a fraction of what Plaintiff has requested.

March 23, 2018                    Respectfully submitted,

                                  JESSIE K. LIU, D.C. Bar No. 472845
                                  United States Attorney

                                  DANIEL F. VANHORN, D.C. Bar No. 924092
                                  Chief, Civil Division

---

[11]    Even in Kleinert v. BLM, Civ. A. No. 14-1506 (JDB), a FOIA case that was fully briefed, argued, and briefed again, the attorney's fees only amounted to $25,000.

/s/ *April Denise Seabrook*

APRIL DENISE SEABROOK, D.C. Bar No. 993730
Assistant United States Attorney
555 Fourth Street N.W.
Washington, D.C. 20530
Tel: 202-252-2525
April.Seabrook@usdoj.gov

*Counsel for Defendant*