UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DEBBIE COFFEY,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No.: 1:16-cv-0508 (JEB)<br>) |
| **BUREAU OF LAND MANAGEMENT** | )<br>) |
| Defendant. | )<br>)<br>) |

**PLAINTIFF'S REPLY MEMORANDUM**

THIS COURT SHOULD ORDER DEFENDANT TO PAY REASONABLE ATTORNEYS' FEES AND COSTS AS PRESENTED BY THIS REPLY

**I. INTRODUCTION**

In this action pursuant to the Freedom of Information Act (hereafter 'FOIA"), Plaintiff seeks reasonable attorneys' fees and costs, having established eligibility and entitlement. Defendant has now conceded issues of eligibility and entitlement. *See* ECF No. 34 at 1. Defendant has also conceded that the appropriate and reasonable rates for the Plaintiff's attorneys and paralegals, is consistent with the USAO Matrix 2015 - 2018 (hereafter "USAO Matrix"). *See* ECF No. 35 at 1.

The only dispute is the reasonableness of some of the entries Plaintiff has submitted. Defendant has significantly overstated its case, claiming that Plaintiff "should be denied outright" and not be awarded any costs or attorneys' fees. *See* Defendant's Opposition to Plaintiff's Motion for Attorneys' Fees and Costs (hereafter "Def Opp'n"), ECF No. 34 at 1.

Plaintiff urges this Court to award $2,407.73 for costs, $73,341.20 for reasonable attorney's fees on the merits, $30,536.40 attorneys' fees for work on the fees motion, and $19,256.60 in fees from working on this reply for a total of $125,541.93. *See* Sorenson 2d Supp Dec, Exhibit 306 (Summary for All Work to Date, Reasonable Costs and Fees). This Reply Memorandum is supported in the attached Second Supplemental Declaration of C. Peter Sorenson (hereafter, "Sorenson 2d Supp Dec"), the attachments thereto and the entire record of the case.

Plaintiff's Reply is focused on the six matters, raised by Defendant in their Opposition. *See* Def Opp'n,' ECF No. 34.

## II. PLAINTIFF'S REPLY TO SPECIFIC ISSUES RAISED BY DEFENDANT

A. <u>Defendant Concedes that Plaintiff's Rates are Reasonable</u>

Prior to preparing its Motion for Attorneys' Fees and Costs (hereafter "Plaintiff's Motion"), ECF No. 29, Plaintiff twice requested that Defendant narrow the issues and agree to its own table of reasonable attorneys' fees, the USAO Matrix. *See* Sorenson 2d Supp Dec at paragraph 19, 21-22. *See also* Exhibit 301 ("We intend on asking the Court to award rates for the paralegals and attorneys using the rates that your office suggests for FOIA cases."); Exhibit 302 (same), attached to the Sorenson 2d Supp Dec. The USAO Matrix, which replaced the Laffey Matrix, is commonly used in this District. Defendant did not agree, so Plaintiff was required to spend additional time and expense to obtain a fee expert. *See* Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Attorneys' Fees and Costs (hereafter "Plaintiff's Memorandum". ECF No. 29-2 at 20; *see* Declaration of Matt Kenna (hereafter "Kenna Dec"), ECF No. 29-16. Mr. Kenna gave his expert opinion that the USAO Matrix applied to the rates for the paralegals and attorneys in the present case. *See* Kenna Dec,

ECF No. 29-16 at paragraph 5.

Defendant initially opposed applying their own USAO Matrix to the Plaintiff's paralegals and attorneys. *See* Def Opp'n at 8-10. ECF No. 34. After filing its Opposition, Defendant conceded, stating that "the hourly rates shown in the attorneys' fees matrices prepared by the United States Attorneys' Office are reasonable hourly rates for the hours expended on this ligation [*sic*] by Plaintiff's counsel." ECF No. 35 at 1. Therefore, this issue is now resolved.

B.  Defendant's Allegations of "Insufficiently Detailed" Records and "Block Billing" are Mistaken at Best

Defendant combines these two issues in its brief. *See* ECF No. 34 at 10 - 11. Defendant's first argument is one that is mistaken or misleading. It is clear from this record that a summary table of the time spent on the merits phase of the case (March 2016 to November 2017) was included at paragraph 25 of the Supplemental Declaration of Peter C. Sorenson (hereafter "Sorenson Supp Dec"). ECF 29-5, paragraph 25. It is equally clear that a summary table of the time spent for the work on the fees motion phase (December 2017 to January 2018) was included in paragraph 26. *See* Sorenson Supp Dec, ECF 29-5 at paragraph 26. These two tables or summaries are not the time records. The time records, submitted in January 2018 were included in Exhibits 104 and 105, attached to the Sorenson 2d Supp Dec. *See* ECF 29-8, ECF 29-9. Defendant was aware of specific time entries, as these were specifically opposed. *See* ECF No. 34 at 11.

Defendant argues that Plaintiff, on pp 10-11 of its Opposition, has engaged in "block billing". Def Opp'n at 10-11, ECF No 34. "Block billing" is defined in *Cobel v. Jewell*, 23 F.Supp.3d 126, 127 (D.D.C. 2017). The *Cobel* decision involved a particular lawyer's time records where "many entries include[d] multiple and sometimes unrelated tasks," a practice referred to as 'block billing.'" *Id* at 127. Plaintiff has not engaged in block billing, and there are

no examples of "many entries" or "multiple and sometimes unrelated tasks." Plaintiff presented 248 specific entries of time in Plaintiff's Exhibit 104, ECF No. 29-8, and 118 specific entries in Plaintiff's Exhibit 105, ECF No. 29-9. These entries are either separate or are related.

C.  <u>Plaintiff's Counsel Kept Contemporaneous Time Records</u>

Defendant questions whether Plaintiff maintained contemporaneous time records. *See* Def Opp'n at 11-12, ECF No. 34. Plaintiff kept contemporaneously maintained records. *See* Sorenson 2d Supp Dec at paragraph 2 and 25 [filed herewith]; Sorenson Supp Dec at paragraph 17, ECF No. 29-5 at 4. For the merits and fees for the work on the fees motion phases, time records were contemporaneously recorded, and were then subjected to two levels of billing judgment, once by Mr. Sorenson and once by Mr. Kenna. *See* Kenna Dec. ECF No. 29-16 at 1-2. Mr. Kenna reviewed the entries "line by line" and found the entries reasonable. Defendant contends that a few of the individual time line entries should disqualify Plaintiff's entire fee petition. No evidence has been presented to the Court to contradict Plaintiff's statement that time records were maintained contemporaneously.

On pages 12-13 of the Def's Opp'n, ECF No. 34 at 11-12, Defendant contests specific entries. Plaintiff's responses to those entries occur in the Sorenson 2d Supp Dec., paragraphs 8-12. On pages 14-15 of Def's Opp'n, ECF No. 34 at 13-14, Defendant again takes issues with a handful of specific tasks. Plaintiff's responses to those entries occur in the Sorenson 2d Supp Dec. at paragraphs 13(a)-(e).

There were several efforts to settle this litigation, all of which were unsuccessful. Defendant initially invited a settlement proposal and Plaintiff responded with several proposals, all of which could have avoided the subject fees motion. *See* Sorenson Supp Dec at paragraph 11, ECF No. 29-5. Plaintiff provided specific examples of settlement proposals. *See* Sorenson 2d

Supp Dec at paragraph 14, Exhibits 307-310 [filed herewith]. Defendant also urges the Court to deny Plaintiff's attorneys' fees spent on settlement. Defendant claims that time spent on unsuccessful settlements are not appropriate. Defendant's ignore *Richardson v. Rest. Mktg. Assocs., Inc.*, 527 F. Supp. 690, 700 n.5 (N.D. Cal. 1981), where fees for settlement negotiations were approved. Also, in *Sorenson v. Concannon*, 161 F. Supp. 2d 1164, 1169 (D. Or. 2001), the District Court found that it is reasonable for counsel to engage in settlement activities and that time spent on unsuccessful settlement negotiations was recoverable under the Equal Access to Justice Act. Indeed, a reasonable attorney would engage in settlement discussions.

D.   Plaintiff Achieved Overall Success

Contrary to Defendant's suggestion, Plaintiff was successful in this litigation. Filing this action, opposing Defendant's Motion for Summary Judgment and filing Plaintiff's Motion for Summary Judgment were important steps in achieving Plaintiff's goal of obtaining responsive records and obtaining a refund from improperly imposed processing fees. *See Bensman v. National Park Service*, 806 F.Supp2d 31 (D. D.C. 2011). The overall success involved Plaintiff using the records once provided. *See* Supplemental Declaration of Debbie Coffey, ECF 29-3 at 3-4. While there were some minor issues involving the reasonable time sought, these issues are adjusted in Exhibit 303 and 304, attached to the Sorenson 2d Supp Dec. [filed herewith]. The minor issue of the Plaintiff seeking fees on the improperly imposed processing fees (*see* Def Opp'n at 19-20, ECF No. 34) is modified. *See* Sorenson 2d Supp Dec at paragraph 18 [filed herewith].

Defendant contends that Plaintiff did not enjoy overall success, yet those issues were conceded by Defendant when they agreed that Plaintiff had proven entitlement and, in effect, Plaintiff was a substantially prevailing party. It is well settled that courts "may assess against the

5

Plaintiff's Reply Memorandum

United States reasonable and other litigation costs reasonably incurred" in any FOIA case where "the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). In order to recover fees and costs, a FOIA plaintiff must, first, show that Plaintiff is eligible, and, second, that Plaintiff is entitled to such an award. *Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 524 (D.C. Cir. 2011), citing *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 470 F.3d 363, 368–69 (D.C. Cir. 2006). Plaintiff has established entitlement and eligibility.

E.  <u>Defendant's Excessive Time Argument is Misplaced</u>

Defendant argues Plaintiff spent excessive time in this case. ECF No. 34 at 19. Plaintiff applied billing judgment before time records – on the first two phases of the case – were submitted to Attorney Matt Kenna, Plaintiff's expert. Kenna Dec. ECF No. 29-16 at paragraph 3. According to Mr. Kenna, these records, "for the most part, represented reasonable time expended." Mr. Kenna then made suggestions for adjustments, and these reductions were accepted by Plaintiff and presented in Exhibit 104, ECF No. 29-8 and Exhibit 105, ECF No. 29-9. Mr. Kenna concluded, "[b]ased on my review of the time records in this case I do not believe that any of these entries reflect excessive, redundant or unnecessary hours expended by Plaintiff in this matter, and I believe the recorded hours are reasonable." *Id*. at paragraph 4. Plaintiff submitted reasonable time. *Copeland v.Marshall*, 641 F.2d 880, 891 - 892, (D.C. Cir. 1980).

Plaintiff elects to make additional billing adjustment for particular items. *See* Sorenson 2d Supp Dec at paragraphs 10, 13(d), and 18. [filed herewith]. The most significant adjustment is a reduction of 11.8 hours in senior attorney time during the preparation of the Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment and Opposition to Defendant's Motion for Summary Judgment. ECF No. 14. This adjustment is a reduction in time worked on the issue of interest on the improperly imposed processing fee.

F.  Defendant's Request to Deny All Fees is Overbroad and Misplaced

Defendant requests that the Court deny "a fee award in this case." Def Opp'n at 21. One of their arguments is "excessiveness" which was fully addressed in II. E. above.  A second argument is that the fees sought in this case are different from the fees sought in other cases. Defendant cites ten FOIA cases, all involving claims against the United States wherein one or both of Plaintiff's attorneys were attorneys of record.  *See* Def's Opp'n at 21, ECF No. 34. These cases are all settlements and seven[1] of the ten settlements include the following language: "The parties agree that this Joint Stipulation of Settlement *will not be used as evidence or otherwise in any pending or future civil or administrative action against Defendants or the United States, or any agency or instrumentality of the United States*, other than any action to enforce the terms of this agreement."  Sorenson 2d Supp Dec at paragraph 20 [filed herewith].  This case is a civil action against an agency of the United States, and, therefore, Defendant appears to be violating the terms of those agreements by attempting to use the agreements as evidence.  Furthermore, each of those cases are unique to their own facts and none of the settlements report the time or hourly rates for counsel. Experienced counsel know that cases settle for many reasons and each case involves different facts, different complexities, different components or aspects of the FOIA, different clients, and many other factors.  *See* Sorenson 2d Supp Dec at paragraph 20 [filed herewith].  Citations to these cases, however, does underscore the experience of Plaintiff's counsel. Defendant's references to these cases are not probative of any issues in the present

---

[1] These include, with citation to the quoted settlement language, the following: *Cornucopia Inst. v. U.S. Dep't of Agric.*, Civ. A No. 16-0106 (BAH), ECF No. 12, paragraph 8; *Cornucopia Inst. v. U.S. Dep't of Agric.*, Civ. A. No. 16-0667 (CRC), ECF No. 14, paragraph 8; *Cornucopia Inst. v. Agric. Marketing Serv.*, Civ. A. No. 16-0692, ECF No. 14, paragraph 8; *Conway v. U.S. Dep't for Int'l Dev.*, Civ. A. No. 14-1792 (TSC), ECF No. 23, paragraph 8; *Miller v. Transp. Sec. Admin.*, Civ. A. No. 14-0265 (KBJ), ECF No. 12, paragraph 4; *Johnson v. U.S. Air Force*, Civ. A. No. 14-1846 (RJL), ECF No. 14, paragraph 8; *Johnson v. U.S. Dep't of State*, Civ. A. No. 14-1896 (RJL), ECF No. 19, paragraph 8.

litigation.

### III. SUMMARY

Plaintiff respectfully requests that this Court award reasonable attorneys' fees and costs in the sum of $2,407.73 for costs, $73,341.20 for reasonable attorney's fees on the merits, $30,536.40 attorneys' fees for work on the fees motion, and $19,256.60 in fees from working on this reply for a total of $125,541.93. *See* Sorenson 2d Supp Dec, Exhibit 306 (Summary for All Work to Date, Reasonable Costs and Fees) [filed herewith].

Respectfully submitted this 7th day of May 2018.

/s/ C. Peter Sorenson
C.Peter Sorenson (D.C. Bar Number 438089)
Sorenson Law Office
PO Box 10836
Eugene, Oregon 97440
petesorenson@gmail.com
541-606-9173
Lead Attorney for Plaintiff

Daniel J. Stotter (WI0015)
Stotter & Associates LLC
408 SW Monroe Ste. M210E
Corvallis, OR 97333
(541) 738-2601
dstotter@qwestoffice.net
Attorney for Plaintiff