UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| DEBBIE COFFEY, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 1:16-cv-0508 (JEB) |
| BUREAU OF LAND MANAGEMENT | ) |
| Defendant. | ) |

**SECOND SUPPLEMENTAL DECLARATION OF C. PETER SORENSON**

I, C. Peter Sorenson, do declare, subject to the penalties of perjury, that the following statements are true and correct to the best of my knowledge and belief:

1. I am a public interest attorney and have represented Plaintiff in this case on a contingent fee basis. My law practice, which consists of myself, and part-time paralegals, is devoted entirely to the Freedom of Information Act (FOIA or the Act), representing individuals, journalists, professors, and not for profit organizations.

2. In my Supplemental Declaration, filed with this Court, ECF No.29-5, I stated in paragraph 17 that I maintained "contemporaneous records of time devoted to each discrete task performed during the course of this litigation." Herein, I wish to more fully detail the process I used for this case, and have used throughout my years as a lawyer since 1982. I keep an 8 1/2 X 12 inch timesheet, with the time of the day broken into six-minute increments, with me at times when I am likely to be working on a case. I keep my time on that sheet, one per day. I record my work for each case as I do it. After my time is recorded, it is placed in a file. Since March 2016, time sheets have been entered by a paralegal into a computer system. In this case, our firm used

the Mycase system. Mycase is a proprietary computer database, for which we pay a monthly fee. My paralegals entered the time records into the Mycase program. After the Mycase entries are completed, a paralegal makes a print out. I then review the printout, reducing the time for entries using my billing judgment. In this case, a second round of reductions was performed with assistance from our fee expert, Matt Kenna, leading to the presentation of Exhibits 104 and 105, filed as ECF Nos. 29-8 and 29-9, respectively, which were attached to my Supplemental Declaration.

3. The complaints the BLM has with our time records are minor, considering the amount of work required to complete this case, and I have made several adjustments.

4. Below, I outline my responses to each major point in the Defendant's Opposition, beginning with their introduction summarizing their objections.

5. In this modified request Plaintiff has further adjusted and reduced her requested hours as a result of the review initiated by the Defendant's Opposition to Plaintiff's Motion for Attorney's Fees and Costs. The amount requested for attorney's fees and costs is represented in Exhibit 306, attached to this, my Second Supplemental Declaration.

6. I have reviewed the examples Defendant has given in their opposition. For each of the four examples the Defendants list on page 11 (at the top of the page) of their Opposition, I do not find any evidence of block billing in these examples, nor in any of the 366 total entries included in Exhibit 104 (ECF No. 29-8) and Exhibit 105 (ECF No. 29-9).

The four examples are:

    a) Entry of 6/3/2016 Review Defendants answer and email AUSA Whitaker (AUSA assigned to represent the BLM, Claire Whitaker) re: filing Amended Complaint for .2 hours (ECF 29-8 at p.4, line 4).

<u>My response</u>: This is not block billing. The items are related and took 0.2 hours.

b) Entry of 9/29/2016, the entry states, "Listen to message from AUSA Whitaker and email to AUSA Whitaker" for .2 hours. Id. At p.5, line 5.

<u>My response</u>: This is not block billing as the items are related and took 0.2 hours.

c) Entry of 8/13/2017, the entry is for "Revise settlement offer; confer with client and send settlement offer to AUSA Whitaker" for .6 hours. Id. At p. 14, line 7.

<u>My response</u>: This is not block billing as the items are related and took 0.6 hours.

d) On page 11, paragraph 2, Defendant asserts that, "Consequently, the Court should not permit recovery for these improperly grouped tasks."

<u>My response</u>: I disagree. There are two tasks and they are related.

8. On page 11, paragraph 3, of Def's Opp'n, ECF No. 34 at 11-12, Defendant charges, "Here, Plaintiff's records contain multiple entries that call into question the accuracy and contemporaneous nature of the timekeeping because the records contain entries reflecting continued billing for work product related to a task days *after* the task was already completed." (emphasis in original). The first of these allegations are entries for 5/3/16 and 5/6/16 include three work product entries that refer to contacting "AUSA Whitaker."

My response: On page 12 of Defendant's Opposition to Plaintiff's Motion for Attorney's Fees and Costs, ECF No. 34, Defendant questions the reasons I would be contacting opposing counsel regarding an extension requests after extension request was granted. Plaintiff filed her complaint March 17, 2017. ECF No. 1. Plaintiff began service of summons on Defendant on March 17, 2016. AUSA Whitaker filed her appearance on

April 22, 2016. ECF No. 3. The parties discussed an extension to the time that the Defendant had to further respond to the complaint. I was working on an Amended Complaint. Both the Amended Complaint, *see* ECF No. 4, and the consent motion, *see* ECF No. 5, were filed on May 2, 2016. My discussion with AUSA Whitaker, after the filing of the consent motion, was about whether there was further need for extension, this time to respond to the Amended Complaint, in light of the Amended Complaint being filed the same day. These entries are appropriate.

9. Defendant objects to the 10/28/16 the work product entries for a telephone call with AUSA Whitaker regarding Defendant's MET and modification of briefing schedule

My response: On page 12 of Defendant's Opposition to Plaintiff's Motion for Attorney's Fees and Costs, ECF No. 34, Defendant questions the reasons I would be claiming time on October 28, 2016 for a telephone call with AUSA Whitaker about a "modification of briefing schedule" after the parties' Joint Motion had been filed "two weeks prior." I reviewed my time sheet for October 28, 2016 and I was not working on this case on that day. This is an unintentional error and the 0.2 hours has been deducted from Exhibit 303. This is noted on page 6, note 2 of Exhibit 303.

10. Defendant objects to the 11/8/2017 entry for "Compile, edit, and organize time for settlement purposes" for 1.1 hours.

My response: On page 12 of Defendant's Opposition to Plaintiff's Motion for Attorney's Fees and Costs, ECF No. 34, Defendant questions the reasons I would be claiming time on November 8, 2017 for time to "Compile, edit and organize time for settlement purposes." I reviewed my time sheet for November 8, 2017 and I worked no time on this that day. I have further reviewed the time sheet for my legal assistant, Casey J. Schofield

4

for November 8, 2017 and he has 1.1 hours listed for this purpose. I agree these entries, together, were unintentional errors and the 1.1 hours sought for my time, but were worked by a paralegal, should not be billed as paralegal or lawyer time. They have been deducted on page 25, note 13 of Exhibit 303.

11. Defendant objects to the entry of 11/16/16 with an "activity description" of "Review Newly Released Documents"

My response: On page 12 of Defendant's Opposition to Plaintiff's Motion for Attorney's Fees and Costs, ECF No. 34, Defendant questions the reasons I would be claiming time on November 16, 2016 for my time for "Review of Newly Released Documents" when Defendant had submitted no documents within six months before or after November 16, 2016. I reviewed my time sheet for November 16, 2016 and I worked the 0.9 hours on this topic. I was reviewing the documents submitted by the government, in partial and incomplete response to her request, in assistance of my work with Plaintiff on her Declaration and for purposes of objecting to the search, in the Plaintiff's Motion for Summary Judgment (and related filings) in this case. The Plaintiff's Motion for Summary Judgment, prepared in part with the work I did on November 16, 2016, was filed on December 5, 2016. ECF No. 15. This billing is appropriate.

12. Defendant questions the 2/20/17 work product "work on Decl[aration] of C. Peter Sorenson":

My response: On page 13 of Defendant's Opposition to Plaintiff's Motion for Attorney's Fees and Costs, ECF No. 34, Defendant questions the reasons I would be claiming time on February 20, 2017. I reviewed my time sheet for February 20, 2017 and I was not working on this case on that day. This is an unintentional error and the 1.7 hours should

not be counted toward the compensation Plaintiff is seeking. This time has been deducted from the time reported in Exhibit 303, page 18, note 3.

13. On Page 13, paragraph 2, Defendant again alleges that several work product entries lead them to "call into question whether the time records were contemporaneously created." Defendant then advances the argument by listing the following examples, even though in three out of five of these examples Plaintiff's adjusted the hours downward using billing judgment:

a) Page 12, para. 2 - On 11/4/2017 the entry "Compile and organize time entries for settlement purposes" (Plaintiff's adjusted down from 3 to 0 hours).

My response: This shows billing judgment. Defendant cannot object to time entries that through billing judgment, have been adjusted down to zero.

b) Page 13, para. 2 - On 1/4/2018 the entry "Draft, Edit, and Revise Attorney Work Product Time Records" (Plaintiff's adjusted down from 2.3 to 1 hours).

My response: This entry demonstrates the billing judgment that has been applied twice to the time records submitted. This entry may have been better stated as "apply billing judgment to time records," and the time as adjusted downward from 2.3 to 1.0 hours is reasonable and compensable.

c) Page 14, top of page – On 1/6/18 the entry "Implement Mr. Kenna's Comments into Attorney Time Records" (Plaintiff's adjusted down from .8 to 0 hours).

My response: This shows billing judgment. Defendant cannot object to time entries that, through billing judgment, have been adjusted down to zero. This time entry demonstrates the work done to reduce the billing further beyond the initial reductions.

d) Page 14, top – On 1/6/18 the entry "Draft time attorney time records after 11/30/2017 to present."

> My response: This time entry should have been reported as "application of billing judgment to existing time records" but because it was incorrectly stated, Plaintiff agrees that this time, 1.3 hours, is adjusted. It has been deleted from the records, submitted in Exhibit 303.

e) Page 14, top – On 1/12/2018 the entry "Comprise time records re: Post 11/30/ to Present."

> My response: Concerning the 1/12/2018 time record, this time record was entered by paralegal, Casey J. Scofield, who was assisting in the preparation of Exhibit 105. Plaintiff agrees that a better verb would have been *compiled* rather than *comprised.* This is an inadvertent error and the entry is compensable as paralegal time.

14. Defendant argues on page 14, paragraph 2, that "settlement" time entries should be dismissed. Defendant's argue: "As there was no settlement in this case <u>and</u> the settlement work conducted was primarily unilateral action taken on behalf of the Plaintiff (often spending the time without even consulting Defendant regarding whether it would consider another settlement proposal), Plaintiff cannot be said to have 'substantially prevailed' in that regard or to have limited time billed to necessary tasks."

> My response: AUSA Whitaker made several requests for settlement proposals. Attached to the Sorenson 2d Supp Dec. are Exhibits 307-310, which are the redacted settlement offers made by Plaintiff.

15. On page 15 and 16 of their Opposition, Defendant argues that time spent by Plaintiff's counsel was "excessive," that "counsel has repeatedly overbilled for tasks," and "repeatedly performed unnecessary tasks." Defendant justifies their assertions by the following examples:

a) On the first bullet on page 15, on 6/6/2016 regarding the Minute Order.

My response: Upon further review of this matter, Plaintiff applies further billing judgment and states that a more reasonable billing for this item would be to reduce it from 0.3 hours to 0.1 hour.

b) On 9/7/2016 regarding Minute Order.

My response: Plaintiff's position is that 0.2 hours is reasonable and compensable.

c) Briefing schedules see ECF 29-8 at pp. 4, line 4 – p. 5, line 2.

My response: The time billed for these entries is reasonable and compensable.

d) On 5/2/2016 Defendant's complain that Plaintiff spent 1.5 hours on drafting and editing for the Amended Complaint.

My response: The amended complaint process consisted of two specific entries for lawyer time on 4/27/16 for 0.2 hours and 5/2/16 for 0.7 followed by a paralegal editing on 5/2/16 for 0.7 hours (this entry was not charged) culminating in the ECF filing on 5/2/16, which was also not charged. In light of the two no-charge tasks, Plaintiff contends that the 0.9 hours claimed is reasonable.

16. On Page 18, first full paragraph, Defendant states that "fees in connection with the briefing is unreasonable" and "inappropriate" in nature. Defendant then list the following three examples:

8

a) Defendant complains that Plaintiff spent 6.1 hours for two attorneys to review 514 pages released by the BLM. See ECF 29-8 at p. 8, lines 10,12 (time records). *See* ECF 13-1 at para's. 17-20, 22.

> My response: The time spent reviewing the records released by one senior attorney and one junior attorney is reasonable. These records needed to be scrutinize for leads on the adequacy of the search. The review was crucial in the preparation for Plaintiff's Motion for Summary Judgment.

b) On 11/15/2016 "tasks" related to Plaintiff's Motion for Summary Judgment (*See* ECF 29-8 at p. 6, lines 2, 5, 6 (time records)).

> My response: In the course of this multi-year litigation reporting the time for a one-time conference with a senior and junior attorney is reasonable. This discussion about preparing for a major phase of the case, the opposition to the Defendant's motion for summary judgment and the Plaintiff's upcoming motion for summary judgment.

c) Page 19, top of page – Motion and time spent on Plaintiff's 3-page Statement of Undisputed Facts. See ECF 15-2.

> My response: The specific time is billed appropriately.

17. On Page 19, first full paragraph, Defendant alleges that Plaintiff's billing "seems incongruous" and that Defendant's find it "difficult to fathom" how drafting a 15-page brief, "could reasonably take the amount of time that Plaintiff claims."

> My response: The time spent on the briefing was reasonable, particularly after it was twice reduced as a consequence of rigorous billing judgment.

18. On page 19, paragraph 2 to the top of page 20, Defendant claims that Plaintiff spent "excessive" time on the reply brief and that the time spent on arguing that interest should be received "should be reduced for time spent arguing this issue" and that the value of the claim if won "is clearly de minimis.

>My response: Concerning the issue of unpaid interest on Defendant's inappropriate processing charges, upon further review, consideration and application of billing judgment, I agree that this time should be adjusted. This adjustment is found in Exhibit 303 where a total of 11.8 hours of my time is reduced.

19. On page 21, paragraph 1, Defendant alleges that Plaintiff should not be entitled to expert witness costs nor should Plaintiff's be compensated for any time spent working with Mr. Kenna.

>My response: Because Defendant would not agree to narrow the issues in the fee phase of this litigation, Plaintiff was required to prove both the reasonable rates to be applied in this case and the reasonable time for which compensation should be awarded to Plaintiff. Mr. Kenna, an expert on statutory attorneys' fees in this Court, has litigated FOIA cases in this Court, and he provided valuable information to this Court on two major issues. His Declaration makes clear that the reasonable rates in this case are the USAO Matrix 2015 – 2018. Defendant ultimately conceded that this was true. Mr. Kenna also reviewed the reasonableness of the time spent by Plaintiff's attorneys and paralegals in the merits phase and in the fees on fees motion phase. He determined that the time, as Plaintiff's reported it to this Court, was reasonable.

20. On page 21, Defendant argues that ten cases, each involving FOIA cases where the United States was a defendant, should be considered by the Court. I was an attorney of record in three of the ten cases and Mr. Stotter was an attorney of record in all ten. All of the cases I

worked on had this paragraph in the settlement language: "The parties agree that this Joint Stipulation of Settlement will not be used as evidence or otherwise in any pending or future civil or administrative action against Defendants or the United States, or any agency or instrumentality of the United States, other than any action to enforce the terms of this agreement." None of these settlements report any time, nor any hourly rates, for counsel. I know that cases settle for many reasons and each case involves different facts, different complexities, different components or aspects of the FOIA, different clients and many other factors.

21.  Concerning the issue of the efforts of Plaintiff to narrow issues, in my Supplemental Declaration, ECF No. 29-5, I stated in Paragraph 13 that I "offered to narrow the scope of the issues." Attached to this Second Supplemental Declaration is the email I sent to AUSA Whitaker. The email dated December 6, 2017, is attached as Exhibit 301. The email offered to narrow the issues to only the reasonableness of the attorneys' fees. I asked that the government accept that Plaintiff was entitled to and eligible for fees and that the government's own matrix, the USAO Matrix 2015 - 2018 should be used to show the rates for the case. There was no response to this proposal. I want to note that AUSA Whitaker had requested that I send her emails to both her work and home address, so I did so in this instance, and I have redacted AUSA Whitaker's home email on Exhibit 301.

22.  In my Supplemental Declaration I stated that, on December 18, 2017, I again reached out to AUSA Whitaker, this time offering to narrow the issues by suggesting Defendant agree to the government's own USAO matrix. The email dated December 18, 2018, is attached as Exhibit 302. There was no response to this email either. As previously noted, I again want to state that Ms. Whitaker had requested that I send her emails to both her work and home address, so I did so in this instance, and I have redacted AUSA Whitaker's home email.

23.     Attached to this Second Supplemental Declaration is Exhibit 303, the time records for the first phase of this litigation, the merits from March 2016 to November 2017, as adjusted by Plaintiff, showing the line by line records, for which Plaintiff seeks compensation.

24.     Attached to this Second Supplemental Declaration is Exhibit 304, the time records for the second phase of this litigation, the fees for the time spent working on Plaintiff's fee motion, December 2017 to January 2018, as adjusted by Plaintiff, showing the line-by-line records, for which Plaintiff seeks compensation.

25.     In completing the work on this Reply additional time has necessarily been expended. Contemporaneous records again have been kept. After assembling the time records, I reviewed these records, applying billing judgment. Those records, after application of billing judgment, related to my time and that of Kim Leval, the paralegal working with me, are shown in Exhibit 305. The hourly rates in the USAO Matrix 2015 -2018 were again used to compute the billing amounts.

26.     Attached to this Second Supplemental Declaration is Exhibit 306, which is the summary of all three phases of the litigation: merits, fees on fees for Plaintiff's motion and fees on fees for Plaintiff's reply.

Dated this 7th day of May 2018.

/s/ C. Peter Sorenson

C. Peter Sorenson
Eugene, Oregon