UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEBBIE COFFEY,

Plaintiff,

v.

BUREAU OF LAND MANAGEMENT,

Defendant.

Civil Action No. 16-508 (JEB)

## MEMORANDUM OPINION

Although the parties to this Freedom of Information Act litigation may have declared an armistice concerning the release of documents and the refunding of search fees, no final peace treaty has been signed. Indeed, the new battleground is attorney fees. While the Government does not contest Plaintiff Debbie Coffey's eligibility or entitlement to such fees − or the hourly rate sought − it believes that the number of hours listed is both insufficiently detailed and excessive. As the Court concurs in part, it will grant Plaintiff's Motion for Attorney Fees, but reduce the amount sought from $125,541 to $69,019.

**I.    Background**

Since the prior Opinion details the full background of this suit, see Coffey v. Bureau of Land Mgmt., 249 F. Supp. 3d 488, 491-94 (D.D.C. 2017), the Court will recount here only the facts relevant to the pending Motion. Plaintiff filed her Complaint in March 2016, alleging that the Bureau of Land Management had not adequately responded to her FOIA requests for information related to its Wild Horse and Burro Program. See ECF No. 1. In subsequently ruling on the parties' cross-motions for summary judgment, the Court determined in April 2017 that BLM had not conducted a sufficient search for documents. Coffey, 249 F. Supp. 3d at 499-

1

500. The Court later issued a Minute Order on May 5 of that year requiring Defendant to "conduct a new search and release any non-exempt responsive records on or before June 28, 2017," which deadline was subsequently extended to July 26, 2017. See Minute Order of June 29, 2017. Five months later, after Coffey had reviewed the records ultimately released, the parties submitted a Joint Status Report indicating that "all substantive issues of this FOIA action have been fully resolved." ECF No. 28 at 1. That left only the question of fees. Plaintiff seeks a total of $125,541, which includes fees for the underlying litigation, as well as "fees on fees" for the briefing of her fee petition.

## II.  Legal Standard

This Court has previously explained the legal standard at play in FOIA fee litigation:

> FOIA provides that courts "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i); see Brayton v. Office of the U.S. Trade Rep., 641 F.3d 521, 524 (D.C. Cir. 2011). "This language naturally divides the attorney-fee inquiry into two prongs, which our case law has long described as fee 'eligibility' and fee 'entitlement.'" Brayton, 641 F.3d at 524 (citing Judicial Watch, Inc. v. Dep't of Commerce, 470 F.3d 363, 368-69 (D.C. Cir. 2006)). The Court, therefore, first decides whether [Plaintiff] AIC has "substantially prevailed" and is therefore "eligible" to receive fees. See id.; Judicial Watch, 470 F.3d at 368; Negley v. FBI, 818 F. Supp. 2d 69, 73 (D.D.C. Oct. 11, 2011). If so, the Court must then "consider[] a variety of factors" to determine whether it is "entitled" to fees. Brayton, 641 F.3d at 524-25; Judicial Watch, 470 F.3d at 369; Davy v. CIA, 550 F.3d 1155, 1158 (D.C. Cir. 2008). Put another way, the Court will first determine whether AIC may receive fees; if so, it will then decide whether it should receive them. See Brayton, 641 F.3d at 524. Finally, upon determining that AIC is both eligible and entitled to fees, the Court must "analyze whether the amount of the fee request is reasonable." Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec. (EPIC I), 811 F. Supp. 2d 216, 237 (D.D.C. 2011).

Am. Immigration Council v. U.S. Dep't of Homeland Security, 82 F. Supp. 3d 396, 402 (D.D.C. 2015).

**III.  Analysis**

Fortunately for the reader, the Court need spend little time on most of these issues, as the parties do not dispute them.  More specifically, BLM concedes that Coffey is both eligible and entitled to obtain fees here.  See Opp. at 1.  In moving next to the amount sought, the Court acknowledges that the "usual method of calculating reasonable attorney's fees is to multiply the hours reasonably expended in the litigation by a reasonable hourly fee, producing the 'lodestar' amount."  Bd. of Trs. of Hotel and Rest. Emps. Local 25 v. JPR, Inc., 136 F.3d 794, 801 (D.C. Cir. 1998) (citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564 (1986)).  Once again, amity prevails on the issue of the appropriate hourly fee, as the Government does not challenge the rates Coffey submits.  See ECF No. 35 (Notice) at 1.  What is left?  The question of time.  Or, to put it less philosophically, the propriety of the number of hours expended.

In asserting that Plaintiff has overreached here, BLM cites several specific points, concluding with a broader argument that much of the time spent was excessive.  The Court, too, will start with the specific and move to the general.

Defendant first complains of insufficiently detailed time records and, more specifically, several examples of block billing.  See Opp. at 10-11.  While block billing is certainly disfavored, the three selected entries deal with minimal time periods (.2, .2, and .6 hours) and typically conflate but two tasks; as a result, the Court "declines . . . to engage in the kind of nitpicking invited by [such] smaller-scale objections."  AIC, 82 F. Supp. 3d at 411 (citation and internal quotation marks omitted).

BLM next points to certain entries that do not seem appropriate – for example, ones that describe tasks that relate to filings that occurred earlier than the entry – and thus call into question the contemporaneity of counsel's timekeeping. See Opp. at 12-13. In the Second Supplemental Declaration of C. Peter Sorensen, attached to Plaintiff's Reply, Coffey's counsel acknowledges some inadvertent errors and deducts them from a recalculation of the fees sought. See ECF No. 37-1 at 3-5. In fact, the amount claimed for the litigation and the initial fees Motion dropped by about $9,000 from approximately $115,000 to $106,000. The Court does not infer from these isolated mistakes that counsel's timekeeping was generally not contemporaneous.

On a related note, the Government contends that counsel cannot recover fees for tasks related to timekeeping itself. See Opp. at 14 (citing EPIC v. U.S. Dep't of Homeland Security, 218 F. Supp. 3d 27, 52 (D.D.C. 2016) ("EPIC had an ongoing duty throughout the litigation to maintain an accurate record of its time, which means these activities were either duplicative of work already performed or enlarged because it was performed so late in the litigation.")). As Coffey never responds, the Court could treat the point as conceded. Even absent such concession, the Court agrees that a reduction in the timekeeping entries is appropriate. Some have already been adjusted to zero, but the Court will deduct a further $450, which is the approximate amount still remaining. See ECF Nos. 37-4, -5, -6.

BLM also believes that 11.9 hours of work toward settlement of the fees dispute should be deducted on the ground that Plaintiff did not substantially prevail on this task since settlement was not achieved. See Opp. at 14. This seems too narrow a characterization since Plaintiff does ultimately prevail by obtaining fees here. In addition, courts should not discourage parties from attempting to settle fees issues before requiring their intervention. See EPIC v. Dep't of

4

Homeland Security (EPIC II), 197 F. Supp. 3d 290, 297 (D.D.C. 2016) (In FOIA fees litigation, the "Court encourages parties to resolve their differences without motions."). This amount, consequently, will not be stricken.

Another Government target here are the fees sought for an expert witness hired for the fees litigation. See Opp. at 21. Plaintiff's counsel paid Matt Kenna to review their billing records and to opine on their reasonableness. See ECF No. 29-16 (Declaration of Matt Kenna). Yet this is not a subject beyond the Court's ken; indeed, it routinely determines the reasonableness of fees in all types of litigation. Paying another attorney to review Plaintiff's attorneys' records for reasonableness is an unnecessary use of funds and one the Court will not recompense. As a result, $1970 in expert fees will be deducted.

Next up is time spent reviewing documents released by BLM. See Opp. at 18, 16 n.7. As this Court held in another case, such time is not compensable. See AIC, 82 F. Supp. 3d at 412 ("Plaintiff would have had to expend this time had CBP timely produced the documents without litigation; the cost of reviewing documents produced in response to a FOIA request – to see if they are responsive or for other reasons – is simply the price of making such a request. The Court will thus deduct these charges as well."). The sum of $2,772 will not be compensated.

Last and more broadly, BLM argues that Plaintiff's counsel has submitted excessive hours for the drafting of their substantive motions here, including the one seeking fees. See Opp. at 18-20. The Court agrees. For example, almost 40 hours to prepare for and draft an 8-page Reply to the Fees Motion is easily too much (even with supporting materials), see ECF No. 37-6, as is 60+ hours to prepare for and draft her 12-page merits Reply, much of which consisted of setting out legal standards. See ECF No. 37-4 (time records) at 15-18; Opp. at 19; ECF No. 20-1 (Reply itself). The hours on the other written pleadings appear similarly inflated for the tasks

accomplished. As the Court is loath to "'conduct a minute evaluation of each phase or category of counsel's work,'" Copeland v. Marshall, 641 F.2d 880, 903 (D.C. Cir. 1980) (quoting Lindy Bros. Builders Inc. of Philadelphia v. Am. Radiator & Standard Sanitary Corp., 540 F.2d 102, 116 (3d Cir. 1976)), it believes a general discount on the fees sought for the motions of 50% is appropriate. The Court arrives at this figure because it determines that the preparation of the motions could have been accomplished in approximately half the time listed. Cf. EPIC II, 197 F. Supp. 3d at 296 (35% overall discount for overstaffing).

That means the following sums should be deducted: (1) Initial merits motion: 50% of ($32,033 – $2,772, which was already deducted above) = $14,630; (2) Merits reply: 50% of $24,058 = $12,029; (3) Fees motion: 50% of ($30,536 - $450, which was already deducted above) = $15,043; and (4) Fees reply: 50% of $19,256 = $9,628. Total deducted = $51,330.

## IV. Conclusion

The final calculation, accordingly, is as follows: Plaintiff seeks a grand total of $125,541, and the Court has deducted $450, $1970, $2,772, and $51,330 = $56,522. The amount awarded is thus $69,019. A separate Order so stating shall issue this day.

*/s/ James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: June 14, 2018

6